Dennis M. SNYDER, et al., Plaintiffs,

v.

Christine TALBOT, et al., Defendants.

Civ. No. 93–129–B–C.

United States District Court,
D. Maine.

Oct. 25, 1993.

Dennis M. Snyder, pro se.

Christine Talbot, pro se.

Francis Talbot, Jr., pro se.

Christopher C. Taintor, Norman, Hanson & Detroy, Portland, ME, for defendant Claudia Sharon.

Mary Mitchell Friedman, Petruccelli & Martin, Portland, ME, for defendant Mary Gay Kennedy.

William W. Willard, Berstein, Shur, Sawyer & Nelson, Portland, ME, for defendant Jeanne Feintech.

Peter J. Brann, Asst. Atty. Gen., Augusta, ME, for defendants Edward Rogers, Roland Beaudoin and Ellen Gorman.

### .MEMORANDUM OF DECISION AND ORDER GRANTING DEFENDANTS CHRISTINE AND FRANCIS TAL-BOT'S MOTION TO SET ASIDE EN-TRIES OF DEFAULT AND DISMISS-ING COMPLAINT

GENE CARTER, Chief Judge.

This action was instituted on June 1, 1993, by Plaintiff Dennis Snyder, on his own behalf and on behalf of his minor child, Plaintiff "S–8",[1] under sections 1983 and 1985(3), against Defendants Christine and Francis Talbot, Claudia Sharon, Mary Gay Kennedy, Jeanne Feintech, Edward Rogers, Roland Beaudoin, and Ellen Gorman. 42 U.S.C. §§ 1983 and 1985(3). The factual allegations raised in the Complaint relate to a divorce in the State of Maine between Plaintiff Snyder and Defendant Christine Talbot and a subsequent dispute regarding custody and visitation rights with respect to their minor son.

Christine Talbot and her husband, Francis Talbot, are the only remaining Defendants following this Court's dismissal of claims against state court judges Rogers, Beaudoin, and Gorman, and the minor child's guardian *ad litem*, Kennedy, on the basis of absolute immunity. (*See* Docket Nos. 3, 5, & 16). Claims against Claudia Sharon, who served as Christine Talbot's private attorney, and Jeanne Feintech, who served as the minor child's private therapist, were dismissed for failure to state a cause of action under sections 1983 and 1985(3). 42 U.S.C. §§ 1983 and 1985(3). Memoranda of Decision and Order Granting Defendant Sharon's and Defendant Feintech's Motions to Dismiss (Docket Nos. 70 & 71, respectively). Entries of default were issued by the Clerk of the Court against the Talbots for failure to answer, plead, or otherwise defend against the action pursuant to Federal Rule of Civil Procedure 55(a).

Left pending before the Court is Defendants Christine and Francis Talbot's Motion to Set Aside the Entries of Default (Docket No. 68–1), pursuant to Federal Rule of Civil Procedure 55(c). This Court will grant this Motion because Defendants have a meritorious defense; they have demonstrated good cause for their default; and Plaintiff will not be prejudiced by the Court's granting of the motion. *See Coon v. Grenier,* 867 F.2d 73, 76 (1st Cir.1989) (summarizing the factors that should be considered in deciding a Rule 55(c) motion). The Court further notes that the Complaint has failed to withstand two prior motions to dismiss and raises no new allegations or legal theories with respect to the remaining Defendants. Since Plaintiff was given the opportunity to amend his Complaint and respond thoroughly to all issues raised on these prior motions, this Court, in the interests of judicial economy and fairness to all parties, will dismiss the Complaint *sua sponte* for failure to state a claim against the

---

1. Plaintiff Snyder's claim on behalf of his minor child, "S–8", was filed against Defendant Feintech only and has been dismissed for failure to state a claim. Memorandum of Decision and Order Granting Defendant Feintech's Motion to Dismiss (Docket No. 71). In the remainder of this Memorandum of Decision and Order, "Plaintiff" refers to Plaintiff Snyder only.

Talbots.[2]

## I. FACTUAL ALLEGATIONS

Most of the factual allegations underlying Plaintiff's causes of action against the Talbots have already been detailed in two prior Memoranda of Decision and Order granting Defendant Sharon's and Defendant Feintech's Motions to Dismiss (Docket Nos. 70 & 71). Briefly summarizing the allegations, Plaintiff claims that Defendant Christine Talbot violated court orders and prevented him from seeing his child, thus depriving him of rights protected under the Fourteenth Amendment, including his parental right of companionship and society with his natural child and his "liberty interest in personhood identity," pursuant to section 1983. 42 U.S.C. § 1983. Amended Complaint (Docket No. 12) ¶¶ 223, 232, 355, & 364. The Amended Complaint also alleges that Defendants conspired with Christine Talbot's lawyer, Claudia Sharon, and "S–8's" guardian *ad litem*, Kennedy, to deprive Plaintiff of his Fourteenth Amendment "liberty interest in due process of law, his equal protection of the laws, companionship and society with his minor child, and personhood identity" because of animus directed at Plaintiff based on his handicap and gender pursuant to section 1985(3). 42 U.S.C. § 1985(3). *Id.* ¶¶ 256–58, 264–266, 272–274, & 280–82. Lastly, Plaintiff alleges that Defendant Christine Talbot conspired with private therapist Feintech to disclose, in state court custody proceedings, confidential information elicited from the minor child during therapy sessions for the purpose of depriving Plaintiff of various Fourteenth Amendment rights pursuant to section 1985(3). 42 U.S.C. § 1985(3). *Id.* ¶¶ 286–306.

## II. SETTING ASIDE ENTRIES OF DEFAULT

Plaintiff filed his Complaint on June 1, 1993, and properly served Defendants. Defendants Christine and Francis Talbot did not file any motions or answers to the Complaint within the time period allotted for such pleadings under the Federal Rules of Civil Procedure and Local Rule 19, which governs motions and memoranda filed with the Court in the District of Maine. On June 25, Defendants did file a timely Motion to Extend Time to Answer the Complaint, which was granted. (*See* Docket No. 9). Following Defendants' failure to adhere to this new deadline, Plaintiff moved for entry of default, and the Clerk of the Court entered defaults against Defendants on September 15, 1993, for failure to answer, plead or otherwise defend against the action. Fed.R.Civ.P. 55(a). (Docket Nos. 60–63). Then on September 23, about one week after defaults were entered, Christine and Francis Talbot, representing themselves *pro se,* wrote a letter to this Court asking that the entries be set aside. Motion by Defendants Talbots to Set Aside Default (Docket No. 68–1).

■ The decision whether or not to set aside an entry of default lies within the sound discretion of the District Court. *Coon v. Grenier,* 867 F.2d 73, 75 (1st Cir.1989) (citing, *inter alia, United States v. One Urban Lot, Etc.,* 865 F.2d 427, 429 (1st Cir. 1989); and *Smith & Wesson v. United States,* 782 F.2d 1074, 1083 (1st Cir.1986)). Unlike the more stringent standard of "excusable neglect" applied to a motion for relief from *final* judgments pursuant to Federal Rule of Civil Procedure 60(b), the "good cause" criterion applied to motions to set aside entries of default is more liberal, setting forth a lower threshold for relief. *See* Fed.R.Civ.P. 55(c).[3] *See also Coon,* 867 F.2d at 76; and *Meehan v. Snow,* 652 F.2d 274, 276 (2d Cir.1981). This lower threshold is justified by the fact that an entry of default

---

2. Defendants also requested that the Court dismiss the Complaint, in the form of a letter mailed to the Court. *See* Docket No. 68–2. This Court has decided to disregard Defendants' *pro se* motion, which does not give detailed reasons for dismissal and, instead, to move on its own initiative to dismiss Plaintiff's Complaint for the reasons stated in this Memorandum of Decision and Order.

3. Federal Rule of Civil Procedure 55(c) provides as follows:

> (c) Setting Aside Default. For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

Fed.R.Civ.P. 55(c).

is a clerical act, and not a final judgment issued by the Court. *Phillips v. Weiner,* 103 F.R.D. 177, 179 (D.Me.1984). It is also in keeping with the philosophy that, if at all possible, actions should be decided on their merits. *Coon,* 867 F.2d at 76, (citing *United States v. One Parcel of Real Property,* 763 F.2d 181, 183 (5th Cir.1985); *Meehan,* 652 F.2d at 277; and *American & Foreign Ins. Ass'n v. Commercial Ins. Co.,* 575 F.2d 980, 982 (1st Cir.1978)). District courts should grant such motions upon "a showing of reasonable justification," while resolving all doubts in favor of the party seeking relief from the entry of default. *Coon,* 867 F.2d at 76. Recognizing that each case turns on its own unique set of facts, the Court of Appeals for the First Circuit has not dictated a rigid formula for determining "good cause." However, it has identified several factors that a district court should consider including " 'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.' " *Id.* at 76 (quoting from the standard articulated by the Court of Appeals for the Fifth Circuit in *One Parcel,* 763 F.2d at 183.)

### A. Willfulness of Default

■ With respect to whether Defendants' default was willful, the Court takes note of the fact that the Talbots notified the Court early in the litigation about their difficulties in finding another attorney after Plaintiff sued their former attorney in the current action. *See* Motion by Defendants Talbot to Extend Time to Answer Complaint (Docket No. 9). Further, Defendants responded quickly upon receiving notice of Plaintiff's motions seeking entry of default, writing to the Court in less than a week's time to explain their failure to defend against the action. Motion by Defendants Talbots to Set Aside Default (Docket No. 68–1). In addition to the fact that their attorney was being sued, Defendants stated that allegations in the Complaint are so complex that "it is cost prohibitive to find representation." *Id.* Given Plaintiff's propensity to sue all parties who have become involved in the custody dispute, Defendants further asserted that "it is impossible to find an attorney in town who

would represent us given the nature of this case." *Id.* Defendants also argued that Plaintiff has been manipulating the legal system, at both the state and federal levels, to "harrass [sic] us knowing we do not have the financial means to obtain yet another attorney to represent us." *Id.*

While the reasons put forward by Defendants do not excuse their failure to adhere to this Court's procedures, the fact that they have remained in communication with the Court and responded at various points in the litigation militates against categorizing their conduct as "willful." As the Court of Appeals for the Sixth Circuit has noted:

> Where the defaulting party ... [has] not shown disrespect for the court, or [has] given evidence of respect for the court's process by their haste in acting to set aside the default, the courts have been inclined toward leniency.

*Shepard Claims Service, Inc. v. William Darrah & Associates,* 796 F.2d 190, 194 (6th Cir.1986) (quoting from 6 James W. Moore et al., *Moore's Federal Practice* ¶ 55.01[2] at 62 (2d Ed.1985)).

### B. Meritorious Defense

The case for setting aside the entry of default becomes stronger when the Court considers the second prong of the "good cause" determination of whether Defendants have a meritorious defense. As stated at the outset of this Memorandum, Plaintiff's Complaint has failed to withstand two prior motions to dismiss for failure to state a claim and raises no new allegations or legal theories against the Talbots. Hence, Defendants argue that Plaintiff's Complaint fails to state a cause of action against them. *Id.* As discussed in the following section, this Court agrees with Defendants' assessment and finds that even if all factual allegations in the Complaint are accepted as true, Plaintiff could prove no set of facts that would entitle him to relief. *See Roeder v. Alpha Industries, Inc.,* 814 F.2d 22, 25 (1st Cir.1987) (stating the standard for dismissing an action pursuant to Federal Rule of Civil Procedure 12(b)(6)). Clearly, then, the Talbots have a meritorious defense.

### C. Prejudice to Plaintiff

As for the third prong of the "good cause" determination, the Court must consider whether Plaintiff will be prejudiced if the entries of default are set aside. The Court of Appeals for the First Circuit has indicated that prejudice cannot be inferred merely from the passage of time but, instead, relates to whether "witnesses have died," "memories have dimmed beyond refreshment," a "discovery scheme has been thwarted," or "evidence has been lost" during the time that elapsed from a party's default. *Coon,* 867 F.2d at 77. None of these factors are at issue in this case where Defendants have moved to set aside their default before an initial trial date has even been set. The only possible setback to Plaintiff, then, is that an order granting relief will clear the way for this Court to reach the merits of his Complaint; and finding the Complaint wanting, to dismiss it for failure to allege any cause of action against Defendants. Dismissing a complaint which fails to state a claim does not amount to prejudice against a litigant but is, rather, the proper course for a federal court to follow in bringing about the "just, speedy, and inexpensive determination of every action" as mandated by the Federal Rules of Civil Procedure. Fed.R.Civ.P. 1. *See also Kearney v. New York State Legislature,* 103 F.R.D. 625, 630 (E.D.N.Y.1984) (stating that plaintiff will not be prejudiced by entry of default "because his claim is frivolous and subject to dismissal on the merits.")

Based on this Court's conclusion that Defendants' default was not willful; that they present a meritorious defense; and that granting Defendants relief will not prejudice the Plaintiff, this Court will set aside the defaults entered against Christine and Francis Talbot.

### III. SUA SPONTE DISMISSAL FOR FAILURE TO STATE A CLAIM

■ In appropriate circumstances, a district court may "note the inadequacy of a complaint and, on its own initiative, dismiss the complaint." *See Literature, Inc. v. Quinn,* 482 F.2d 372, 374 (1st Cir.1973); *Dodd v. Spokane County,* 393 F.2d 330 (9th Cir.1968); 5A C. Wright & A. Miller, *Federal Practice and Procedure:* Civil 2d, § 1357 at 301. In general, a court may not take such action "without notice to plaintiff . . . affording him an opportunity to at least submit a written argument in opposition thereto." *Dodd,* 393 F.2d at 334. The Court of Appeals for the First Circuit has upheld a variation on this notice requirement in a case where a district court granted a motion to dismiss on behalf of several defendants and then moved, *sua sponte,* to dismiss the complaint against the remaining defendants who had not filed motions. *Diaz v. Stathis,* 440 F.Supp. 634 (D.Mass.1977), *aff'd* 576 F.2d 9 (1st Cir.1978). The district court found that the motion to dismiss afforded plaintiffs adequate notice and sufficient opportunity to respond to the issues involved in the attack on the complaint. Since the claims against the remaining defendants were essentially the same, the court ordered the action to be dismissed against all parties. *Id.* at 637.

■ The approach taken in *Diaz* likewise applies to the instant matter. Plaintiff has been afforded adequate notice and opportunity to respond to motions to dismiss on two separate occasions, as well as an opportunity to amend his Complaint to cure its shortcomings. Amended Complaint (Docket No. 12). Plaintiff is suing the Talbots based on the same underlying factual allegations and legal theories that were advanced against Defendants Sharon and Feintech. His Complaint against the Talbots fails to state a claim for the same reasons cited by the Court in its Memoranda of Decision and Order granting Defendant Sharon's and Defendant Feintech's Motions to Dismiss (Docket Nos. 70 & 71).

■ More specifically, allegations against Defendant Christine Talbot pursuant to section 1983 are deficient because the Complaint fails to demonstrate that Christine Talbot was acting "under color of state law," which is a necessary prerequisite for stating a cause of action under section 1983. 42 U.S.C. § 1983. The Complaint alleges merely that various Defendant judges, by issuing orders carried out by Christine Talbot or by failing to sanction her for allegedly violating other court orders, conveyed "sufficient state

authority, power, aid, acquiescence and state action" for Defendant Talbot to be acting under color of state law as defined under section 1983. 42 U.S.C. § 1983. Amended Complaint (Docket No. 12) ¶¶ 221, 230, 354, & 363. As detailed in this Court's Memorandum of Decision and Order Granting Defendant Sharon's Motion to Dismiss (Docket No. 70), these allegations are not sufficient to establish Defendant Talbot's liability under section 1983 of the Civil Rights Act.

Nor has Plaintiff made out a cause of action against Christine and Francis Talbot under section 1985(3). 42 U.S.C. § 1985(3). His allegations against the Talbots, at most, depict Defendants as being involved in a purely private conspiracy, with no involvement by the state. Private conspirators cannot be held liable under section 1985(3) for violating rights under the Fourteenth Amendment that are constitutionally protected only against encroachment by state actors, or individuals acting in complicity with the state. 42 U.S.C. § 1985(3). *Bray v. Alexandria Women's Health Clinic,* —— U.S. ——, ——, 113 S.Ct. 753, 764–765, 122 L.Ed.2d 34 (1993). Since the Complaint does not allege that any rights have been violated which are protected against private encroachment, Plaintiff does not make out a claim under section 1985(3).

Based on the reasoning set forth in this Court's Memoranda of Decision and Order granting Defendant Sharon's and Defendant Feintech's Motions to Dismiss (Docket No. 70 and 71), along with the reasons set forth in this Memorandum, Plaintiff's Complaint is dismissed against Defendants Talbots for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).

Accordingly, it is *ORDERED* that Defendants' Motion to Set Aside Entries of Default be, and it is hereby, *GRANTED* and that said defaults be, and are hereby, *VACATED*. It is also *ORDERED* that Plaintiff's Complaint against Defendants be, and it is hereby, *DISMISSED*.

So *ORDERED*.