In re Russell J. BRASSARD, Debtor.

Alfred O. HIERSCHE, Sr., Plaintiff,

v.

Russell J. BRASSARD, Defendant.

Bankruptcy No. 91–10962.
Adv. No. 93–1070.

United States Bankruptcy Court,
D. Maine.

Jan. 5, 1994.

Russell J. Brassard, pro se.

Thomas R. Abdow, Leverett, MA, for plaintiff.

## MEMORANDUM OF DECISION

JAMES B. HAINES, Jr., Bankruptcy Judge.

Responding to this court's *sua sponte* show cause order, the plaintiff, Alfred O. Hiersche, Sr. ("Hiersche") has filed papers to support theories by which his complaint, invoking

§§ 727(d)(1), 727(d)(3), 523(a)(2), and 523(a)(4),[1] might succeed. Having reviewed those submissions, I conclude that Hiersche cannot prevail under either § 727(d)(1) or § 727(d)(3). Those claims will be dismissed. He may, however, proceed with his § 523 claims by amending his complaint to invoke § 523(a)(3).

## Procedural History

Russell J. Brassard ("Brassard" or the "debtor") filed a voluntary Chapter 7 petition on December 17, 1991. Although the accompanying schedules listed over 140 creditors, Hiersche was not among them.

The bankruptcy notice promulgated by the clerk's office set April 10, 1992, as the bar date for filing objections to discharge and complaints to determine dischargeability of debts. On April 15, 1992, Brassard's counsel wrote to Hiersche, informing him that his claim had been initially overlooked, but that Brassard's schedules were being amended to include it. The letter included a copy of the clerks's notice setting the April 10, 1992, bar date.[2] On April 15, 1992, Brassard did add Hiersche's claim, denominated as an unsecured debt relating to "Brassard Corporation" to his schedules.

Subsequently, First National Bank of Bar Harbor obtained an extension to May 10, 1992, of the time within which it could file a complaint objecting to discharge or seeking a determination of dischargeability.[3]

On July 2, 1992, no creditor having objected, Brassard received his Chapter 7 discharge.[4] The clerk served the discharge order on Brassard's creditors, including Hiersche.[5] Brassard's bankruptcy case was closed on October 9, 1992.

In late 1991, about the same time that Brassard filed for relief, Hiersche, through Attorney Thomas P. Abdow, Esq., ("Abdow"), commenced an action against Bras-

---

1. Unless otherwise noted, all reference to statutory sections are to the Bankruptcy Reform Act of 1978 (the "Bankruptcy Code"), as amended, 11 U.S.C. § 101, et seq.

 This memorandum of decision resolves no factual issues. It sets forth conclusions of law underlying this court's order of December 10, 1993, in accordance with Fed.R.Bankr.P. 7052 and Fed.R.Civ.P. 52.

2. The full text of counsel's letter to Hiersche is as follows:

 Please be advised that Russell J. Brassard has filed a petition for Chapter 7 Bankruptcy in the Bankruptcy Court in Bangor, Maine.

 Your name was inadvertently omitted. Accordingly, I am enclosing a copy of the Bankruptcy notice. In addition, I am amending the Bankruptcy petition to add your name to the list of creditors.

 As you will note from the notice, no further action may be taken against Russell J. Brassard with respect to this bill.

 If you have any further questions, you may call me or speak to your own attorney.
 Letter of F. Frederick Romanow, Jr., Esq., to Alfred O. and Mary A. Hiersche, dated April 15, 1992.

3. The bank sought the extension only for itself. The order did not expressly limit the bar date extension to First National Bank of Bar Harbor, but, as a practical matter, its limited distribution (to Brassard's counsel, bank counsel, the Chapter 7 trustee and the United States Trustee) accomplished that result.

4. At no time before the present action was initiated did Hiersche object to Brassard's discharge, seek a dischargeability determination with regard to Brassard's obligation to him, ask for an extension of the time within which to file such complaints or seek relief from the bar dates established by the bankruptcy notice.

5. The order provided, in pertinent part, that:

 1. [Brassard] is released from all dischargeable debts.
 2. Any judgment heretofore or hereafter obtained in any court other than this court is null and void as a determination of the personal liability of the debtor with respect to any of the following:
 (a) debts dischargeable under 11 U.S.C. Sec. 523;
 (b) unless heretofore or hereafter determined by order of this court to be nondischargeable, debts alleged to be excepted from discharge under clauses (2), (4) and (6) of 11 U.S.C. Sec. 523(a);
 (c) debts determined by this court to be discharged.
 3. All creditors whose debts are discharged by this order and all creditors whose judgments are declared null and void by paragraph 2 above are enjoined from instituting or continuing any action or employing any process or engaging in any act to collect such debts as personal liabilities of the [Brassard].
 Discharge Order of July 2, 1992.

sard in Massachusetts state court.[6] Brassard responded with a motion to dismiss, dated March 23, 1992, alleging improper venue, improper service, expiration of the statute of limitations and other technical pleading deficiencies. Neither Brassard's motion, nor his snide, contemporaneous correspondence to Attorney Abdow, made reference to the bankruptcy proceedings then pending in Maine.

On June 30, 1993, Hiersche moved to reopen Brassard's bankruptcy case. The case was reopened on July 20, 1993. Hiersche filed his complaint in this action on August 2, 1993. Brassard answered, and in the course of the ensuing pretrial conference, I ordered the plaintiff to show cause why the case should not be dismissed with prejudice and directed that cause to keep the case on the court's docket might be shown by filing:

1. A clearly articulated theory to establish that the discharge should be revoked and/or a clearly articulated theory under any other aspect of pertinent law that would establish that plaintiff's claims survive the defendant's bankruptcy discharge; and

2. Verified statements by the parties or witnesses which speak specifically to each element of the theories of relief set forward pursuant to the preceding paragraph of this order.

Should plaintiff satisfactorily show cause why this case should not be dismissed, a further pretrial hearing will be scheduled through the clerk's office. Should plaintiff fail to make the required filings or to establish a right to pursue the claims set forth in the complaint, this case will be dismissed with prejudice.

Hiersche complied, and my assessment of the viability of his claims is based upon his complaint and his submissions filed pursuant to the show cause order, as well as upon the attachments and exhibits they incorporate.

6. The complaint, filed in Commonwealth of Massachusetts District Court Department, Springfield Division, under Case No. 91C4388, is itself undated. However, the complaint was accompanied by Mr. Hiersche's affidavit, dated December

### *Discussion*

1. *Sua Sponte Dismissal.*

 a. *Appropriate Circumstances.*

■ In appropriate circumstances, a court may consider dismissal of a plaintiff's complaint on its own motion. As the United States District Court for the District of Maine has observed, "[d]ismissing a complaint which fails to state a claim ... is ... the proper course for a federal court to follow in bringing about the 'just, speedy, and inexpensive determination of every action' as mandated by the Federal Rules of Civil Procedure." *Snyder v. Talbot,* 836 F.Supp. 26, 30 (D.Me.1993), citing Fed. R.Civ.P. 1. *See Literature v. Quinn,* 482 F.2d 372, 374 (1st Cir.1973); *Kearney v. New York State Legislature,* 103 F.R.D. 625, 630 (E.D.N.Y.1984). *See generally* 5A C. Wright & A. Miller, Federal Practice and Procedure § 1357, at 301 (Civ. 2nd 1990) (collecting cases). The same objectives, *viz* to assure just, speedy and inexpensive determinations of disputes, hold sway in bankruptcy court. Fed.R.Bankr.P. 1001.

This case presents circumstances particularly appropriate for *sua sponte* consideration of the complaint's merits. Chapter 7 relief promises qualified debtors discharge of most prepetition indebtedness. 11 U.S.C. §§ 523 & 727. That discharge is backed by an injunction against efforts to collect discharged claims. 11 U.S.C. § 524(a). In an order of discharge inheres "special degree of finality." *In re Tardiff,* 137 B.R. 83, 85 (Bankr.D.Me.1992), *vacated on other grounds,* 146 B.R. 499 (D.Me.1992), *on remand,* 145 B.R. 357 (Bankr.D.Me.1992). *See In re Leiter,* 109 B.R. 922, 925 (Bankr. N.D.Ind.1990) ("discharge order which is ultimate goal of the debtor must be accorded a higher degree of finality ... discharge orders must not be set aside merely because of ignorance of the law or carelessness of the parties"); *See also In re Sieg,* 120 B.R. 533, 535 (Bankr.D.N.D.1990); *In re Jones,* 111 B.R. 674, 679 (Bankr.E.D.Tenn.1990).

23, 1991. Thus, it appears that the Massachusetts State Court action was initiated very near the time of Brassard's Maine bankruptcy filing, likely just after it.

A debtor who has obtained a discharge should be spared the time and expense of defending post-discharge litigation aimed at revoking the discharge or excepting a claim from discharge if it appears at the threshold that the litigation has no chance of success. *Cf. Williams v. Shaw (In re Roberts)*, 91 B.R. 71, 73 (Bankr.W.D.Mo.1988) (considering motion for change of venue; court may take steps to "ensure that there may be some merit in the action before making ... potentially decisive decision"); *In re Gross*, 121 B.R. 587, 593–594 (Bankr.D.S.D. 1990) (Chapter 12; "the court shall not permit a vague suspicion to be the basis to launch a [post-confirmation] fishing expedition in hopes of locating fraudulent actions").

To permit a post-discharge action to proceed notwithstanding its obvious lack of merit would undermine the debtor's "fresh start," one of the fundamental purposes of the bankruptcy laws. *See Lines v. Frederick*, 400 U.S. 18, 19, 91 S.Ct. 113, 113–14, 27 L.Ed.2d 124 (1970) ("the basic purpose of the Bankruptcy Act [is] to give the debtor a 'new opportunity in life and clear field for future effort, unhampered by the pressures and discouragement of pre-existing debt'") (quoting *Local Loan Co. v. Hunt*, 292 U.S. 234, 244–245, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934)); *Segal v. Rochelle*, 382 U.S. 375, 379–380, 86 S.Ct. 511, 514–15, 15 L.Ed.2d 428 (1966).

### b. *Appropriate Procedure.*

Fed.R.Bankr.P. 7012(b) provides that Fed. R.Civ.P. 12(b), which permits, *inter alia*, motions to dismiss for failure to state a claim on which relief can be granted, applies to adversary proceedings in bankruptcy court. "[T]he Court on its own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim as long as the procedure employed is fair." 5A Wright & Miller, *Federal Practice and Procedure* § 1357, at 301 (Civ.2d 1990). When considering dismissal *sua sponte*, "a court may not take such action 'without notice to the plaintiff ... affording him an opportunity to at least submit a written argument in opposition thereto.'" *Snyder v. Talbot*, 836 F.Supp. at 30 (quoting *Dodd v. Spokane*, 393 F.2d 330, 334 (9th Cir.1968)); *Fredyma v. AT & T Network Systems, Inc.*, 935 F.2d 368 (1st Cir.1991) (allowing *sua sponte* dismissal under Rule 12(b)(6) but requiring notice and an opportunity to respond). *See also Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1185 (7th Cir.1989); *Tingler v. Marshall*, 716 F.2d 1109, 1112 (6th Cir.1983); *Bayron v. Trudeau*, 702 F.2d 43, 45 (2d Cir.1983); *Jefferson Fourteenth Assoc. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 (11th Cir.1983); *Franklin v. State of Oregon, State Welfare Division*, 662 F.2d 1337, 1341 (9th Cir.1981).

For instance, it may be appropriate for the court to dismiss identical claims against non-moving defendants after the plaintiff has unsuccessfully argued the merits of its claims against defendants who have filed motions to dismiss. *Snyder v. Talbot*, 836 F.Supp. at 30 (citing *Diaz v. Stathis*, 440 F.Supp. 634 (D.Mass.1977), *aff'd* 576 F.2d 9 (1st Cir. 1978)). A show cause order that provides the plaintiff with an opportunity to argue against dismissal is an appropriate device to test whether a case should remain on the court's docket notwithstanding the court's concerns about its merits. *In re Burrell*, 148 B.R. 820 (Bankr.E.D.Va.1992); *In re Roberts*, 91 B.R. at 73–74.[7]

### 2. *Standard Applied.*

Hiersche's complaint incorporates multiple exhibits, including state court pleadings, affi-

---

**7.** Some authorities hold that the court may dismiss a case *sua sponte*, without providing the plaintiff an opportunity to argue against it, "when it is patently obvious that the plaintiff could not prevail based on the facts alleged in the complaint." *Murphy v. Lancaster*, 960 F.2d 746 (8th Cir.1992) (quoting *Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir.1991)); *see also McKinney v. State of Okla. Dept. of Human Services*, 925 F.2d 363 (10th Cir.1991) (trial court may dismiss complaint *sua sponte* under Rule 12(b)(6) without notice to plaintiff where the claimant "cannot possibly win relief") (quoting *Baker v. Dir.*, *U.S. Parole Comm'n*, 916 F.2d 725, 726 (D.C.Cir. 1990)); *Washington Petroleum & Supply Co. v. Girard Bank*, 629 F.Supp. 1224, 1231 (M.D.Pa. 1983) (court may dismiss complaint *sua sponte* pursuant to Rule 12(b)(6) "where the inadequacy of the complaint is apparent as a matter of law") (quoting *Coggins v. Carpenter*, 468 F.Supp. 270, 279 (E.D.Pa.1979)).

Because Hiersche was given an opportunity to respond to the show cause order in this matter, it is unnecessary to address the standard to be applied in the absence of such an opportunity today.

davits and correspondence. In response to the show cause order, Hiersche filed an eleven-page legal memorandum and additional affidavits. I should not dismiss Hiersche's claims at this juncture unless it appears that, taking all the complaint's allegations as true, and considering all reasonable inferences in the plaintiff's favor, I am convinced that he cannot successfully prosecute his claims. I must take as true, too, averments in the plaintiff's affidavits and will consider the proffered documentary evidence without regard to its ultimate admissibility. Finally, I would not order dismissal with prejudice unless, in light of all of the material before me, I were convinced that a claim is beyond saving by amendment.

### 3. The § 727(d) Claims.

One thrust of Hiersche's complaint is an action for revocation of Brassard's discharge. Section 727(d), the pertinent Code provision, states:

> On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—
>
> (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;
>
> (2) the debtor acquired property that is the property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee; or

(3) the debtor committed an act specified in subsection (a)(6) of this section.[8]

A creditor's attempt to obtain revocation of a debtor's discharge under § 727(d) must be brought as an adversary proceeding. *In re Tardiff*, 137 B.R. at 86. *See also* Fed.R.Bankr.P. 7001(4), 9024;[9] *In re Pankey*, 145 B.R. 244 (W.D.Tenn.1992); *In re Leiter*, 109 B.R. 922, 925 (Bankr.N.D.Ill.1990).

### a. The § 727(d)(1) Action is Untimely.

The obstacles to Hiersche's success under § 727(d)(1) are insurmountable. Whatever may be said about the timing of Brassard's addition of Hiersche's claim to his schedules as it relates to the operation of the bar date for actions objecting to discharge or dischargeability,[10] one thing is certain: Hiersche's § 727(d)(1) discharge revocation action comes too late.

Section 727(e) sets one year from the date of discharge as the outside limit of the time within which actions seeking a revocation of the debtor's discharge on the basis of fraud may be brought.[11]

Brassard received his discharge on July 2, 1992. His case was closed on October 9, 1992. Hiersche moved to reopen the case within one year of Brassard's discharge, but the case was not actually reopened until July, 20, 1993, well after the discharge anniversary. Moreover, Hiersche's § 727(d)(1) complaint was not filed until August 2, 1993, a full thirteen months after the discharge.

Section 727(e)'s one-year limitation is reinforced by Fed.R.Bankr.P. 9024, which expressly requires that "a complaint to revoke a discharge in a Chapter 7 liquidation case may be filed only within the time allowed by § 727(e) of the Code." Finally, Fed.

---

8. Section 727(d)(3)'s cross reference to § 727(a)(6) is addressed *infra* p. 380.

9. Rule 7001(4) provides that a proceeding to object to or revoke a discharge is an adversary proceeding, and as such, is governed by the rules set forth in Part VII. Rule 9024 refers to the time within which a "complaint" seeking revocation of a discharge may be filed.

10. *See* discussion *infra* p. 381.

11. Section 727(e) provides:

> (e) The trustee, a creditor, or the United States trustee may request a revocation of a discharge—
> (1) under subsection (d)(1) of this section within one year after such discharge is granted; or
> (2) under subsection (d)(2) or (d)(3) of this section before the later of—
> (A) one year after the granting of such discharge; and
> (B) the date the case is closed.

R.Bankr.P. 9006(b)(2) proscribes extension of the Rule 9024 deadline.[12]

■ Hiersche's motion to reopen Brassard's did not toll the one-year time period in which the revocation complaint had to be filed. *In re Pankey*, 145 B.R. 244, 246 (W.D.Tenn.1992). The Code and the rules required that Hiersche's § 727(d)(1) complaint be filed prior to July 2, 1993. On that score, Hiersche failed. The complaint's § 727(d)(1) count must be dismissed.[13]

### b. *The § 727(d)(3) claim.*

Hiersche's complaint also cites § 727(d)(3) in support of his discharge revocation claims. Having been filed within one year of the date that Brassard's case was closed, the claim is timely.[14]

Section 727(d)(3) provides for revocation of discharge if the "debtor committed an act specified in subsection (a)(6) of this section." Subsection (a)(6) refers to a debtor's refusal to:

(A) to obey any lawful order of the court, other than an order to respond to a material question or to testify;

(B) on the ground of privilege against self-incrimination, to respond to a material question approved by the court or to testify, after the debtor has been granted immunity with respect to the matter concerning which such privilege was invoked; or

(C) on a ground other than the properly invoked privilege against self-incrimination, to respond to a material question approved by the court or to testify

■ Aside from citing to the statute, Hiersche's submissions make no further reference to, and proffer no support for, a § 727(d)(3) claim. There is no need to go further. A perfunctory assertion, the § 727(d)(3) claim will be dismissed without discussion.

### 4. *The § 523 claims.*

Hiersche asserts that his claims are not nondischargeable under §§ 523(a)(2) and (a)(4). His complaint makes no express mention of § 523(a)(3) but, as explained below, its applicability is critical to his success.

An individual Chapter 7 debtor's discharge does not extinguish debts of the kind specified in § 523(a)(2), (4) or (6) which are neither listed or scheduled under § 521(1)[15] in time to permit timely filing of a proof of claim and a "timely request for a determination of dischargeability ... unless such creditor had notice or actual knowledge of the case in time for such timely filing and request." § 523(a)(3)(B).

As a general rule, a creditor asserting nondischargeability pursuant to §§ 523(a)(2), (4) or (6) must initiate its "request," *i.e.* file

---

**12.** The 1983 Advisory Committee note accompanying Rule 9024 confirms the drafters' intent that Fed.R.Civ.P. 60(b) may not be invoked to circumvent the express time limits for commencing an action under § 727. The limit is "not a mere statute of limitations, but an essential prerequisite to the proceeding." *In re Santos*, 24 B.R. 688, 689 (Bankr.D.R.I.1982) (quoting 4 *Collier on Bankruptcy*, ¶ 727.16); *In re Barrup*, 53 B.R. 215, 219 (Bankr.D.Vt.1985).

**13.** Over and above the § 727(d)(1) claim's tardiness, it suffers fatal substantive deficiencies. The fraud that warrants revocation of discharge under § 727(d)(1) must be perpetrated by the debtor in obtaining his discharge. 2 William J. Norton, Jr., *Norton Bankruptcy Law & Practice*, § 27.24, at 51 (1991). *See In re Edmonds*, 924 F.2d 176, 180 (10th Cir.1991); *In re Peli*, 31 B.R. 952, 955 (Bankr.E.D.N.Y.1983). The essence of Hiersche's claim is his contention that, at the time Brassard obtained money from him, years before the bankruptcy, Brassard undertook to employ the funds for specific, ultimately unfulfilled, purposes, and that he knowingly misrepresented that Hiersche's right to repayment would be secured by a mortgage on real property. The matter is, quintessentially, a § 523(a)(2) dischargeability dispute. *See* discussion regarding § 523, *infra*. That Brassard may, as Hiersche alleges, have duped others in similar fashion in the pre-bankruptcy period is of no moment. An aggregation of § 523(a)(2) claims do not a § 727(d)(1) claim make. *In re Jones*, 71 B.R. 682, 684 (Bankr.S.D.Ill.1987).

**14.** *See* § 727(e)(2), *supra* n. 11.

**15.** Section 521 lists among a debtor's duties the duty to:

file a list of *creditors*, and unless the court orders otherwise, a schedule of assets and *liabilities*, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs.

*See also* Fed.R.Bankr.P. 1007(b).

its complaint,[16] for a determination of nondischargeability within sixty days of the first date set for the meeting of creditors or the debt will be discharged. 11 U.S.C. § 523(c)(1); Fed.R.Bankr.P. 4007(c).[17] However, a creditor whose claim was not scheduled in time to permit it to file a timely dischargeability complaint under Rule 4007(c) is not barred from pursuing its § 523(a)(2), (a)(4) or (a)(6) claim after the rule's bar date, so long as it meets § 523(a)(3)(b)'s other criteria. *See In re Thompson*, 152 B.R. 24, 27 (E.D.N.Y.1993); *In re Candelaria*, 121 B.R. 140, 144–145 (E.D.N.Y.1990) (citing in accord *In re Jensen*, 46 B.R. 578, 583 (Bankr.E.D.N.Y.1985)); *In re Zablocki*, 36 B.R. 779, 782 (Bankr. D.Conn.1984). *See also In re Sam*, 894 F.2d 778, 781 (5th Cir.1990) ("one of the purposes of Bankruptcy Rule 4007(c) and sections 523(a)(3)(B) and 523(c) is to give creditors notice and an opportunity to be heard").[18]

For creditors other than the First National Bank of Bar Harbor, which timely requested and obtained an extension, the bar date for filing § 523(a)(2), (a)(4) or (a)(6) complaints in Brassard's Chapter 7 case was April 10, 1992. Hiersche claims he received no notice of the bar date until after it had passed and asserts that he knew nothing of Brassard's bankruptcy until notified that his claim would be added to Brassard's schedules on April 15, 1993. If those assertions prove true, § 523(a)(3)(B) requires that this court afford Hiersche the opportunity to prove that Brassard's debt to him in fact falls within an exception to discharge provided by either § 523(a)(2) or (4).[19]

### 5. Amending the Pleadings.

 Hiersche's pleadings do not expressly invoke § 523(a)(3)(B) in support of his claims of nondischargeability, although his allegations do state claims under §§ 523(a)(2) and 523(a)(4).[20] Because successful prosecution a § 523(a)(3)(B) action requires that Hiersche prove elements in addition to those of § 523(a)(2) and (a)(4), *i.e.*, that he had neither notice nor knowledge of the bankruptcy proceedings in time to file a timely complaint under § 523(c) and Rule 4007(c), it is appropriate that he be required to amend his complaint to include, in express and organized fashion, allegations tailored to § 523(a)(3)(B)'s requirements so that Brassard may admit or deny them.[21]

### Conclusion

For the reasons set forth above, those counts in plaintiff's complaint seeking revocation of the debtor's discharge pursuant to § 727(d)(1) and (d)(3) are dismissed with prejudice. Those counts seeking a determination of dischargeability pursuant to § 523(a)(2) and (a)(4) may go forward, providing that the plaintiff, within thirty days of this court's order, amend his complaint to

16. *See* Fed.R.Bankr.P. 7001(2) (determination of dischargeability is adversary proceeding); Fed. R.Bankr.P. 7003 (adversary proceeding is commenced by filing a complaint).

17. As this court has noted elsewhere, absent a timely request for an extension, the Rule 4007(c) bar date is certain, inflexible and final. *See In re Gray*, 156 B.R. 707 (Bankr.D.Me.1993).

18. Rule 4007(c) requires that the clerk provide creditors with at least 30 days notice of the dischargeability action bar date in Chapter 7 proceedings.

19. In its present posture, this case does not present the question whether there is an outside limit on the time within which a § 523(a)(3)(B) complaint must be brought, or, if such a limitation exists, whether Hiersche's complaint was filed within it. *See In re Thompson*, 152 B.R. at 27.

20. Today I make no assessment of Hiersche's prospects for ultimate success, other than to note that his § 523(a)(4) theory, arising as it does in the context of a transaction apparently involving the lending of money, as opposed to the entrustment of it, appears unpromising. *See McCallion v. Lane (In re Lane)*, 937 F.2d 694, 699 (1st Cir.1991); *In re Waning*, 120 B.R. 607, 612–615 (Bankr.D.Me.1990).

21. Hiersche's complaint is, at best, both opaque and prolix. Its unartfulness triggered the *sua sponte* show cause order and created the need to parse his claims in this memorandum. I am hopeful that Hiersche's amended complaint will bring both organization and clarity to these proceedings so that the issues may be joined intelligently and the controversy may be decided expeditiously.

include clearly articulated, express claims under § 523(a)(3)(B).