**In re Anne SAYRE, Debtor.**

**Louis Yoppolo, Trustee, Plaintiff,**

v.

**Anne Sayre, Defendant.**

**No. 03–3333.**

United States Bankruptcy Court, N.D. Ohio.

July 28, 2004.

---

Anne M. Sayre, Fostoria, OH, pro se.

Louis J. Yoppolo, Toledo, OH, trustee.

### DECISION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court after a Trial on the Plaintiff/Trustee's Complaint for Revocation of Discharge. This matter was tried in conjunction with the Trustee's

Complaint for Turnover and Declaratory Relief. The Trustee's Complaint is brought under two statutory sections: 11 U.S.C §§ 727(d)(1) and 727(d)(3). For the reasons set forth below, this Court, after reviewing the evidence presented in this case, finds that the Debtor's discharge should be Revoked.

## FACTS

The relevant facts of this case, as set forth below, were not disputed. In accordance with Bankruptcy Rules 7052 and 9014, this outline shall constitute this Court's findings of fact.

Approximately three to four years ago, the Debtor, together with her ex-fiancé, purchased a home. Title to the home was taken in the names of both parties. On or about October 2, 2002, after their engagement had been terminated, the Debtor sold her home. From the sale of this property, the Debtor received a check, in her name only, in the amount of $23,589.11. From these funds, the Debtor made three transfers: (1) a December 3, 2003, transfer of $10,000.00 to a friend in partial repayment of a loan; (2) another December 3, 2003, transfer of $3,000.00 to her mother in partial repayment of a loan; and (3) and the Debtor obtained a $10,00.00 cashier's check dated November 29, 2003, jointly payable to "Clerk of Courts Sandusky County/Roger W. Hafford."

On December 6, 2002, the Debtor filed a petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code. In her bankruptcy petition, the Debtor did not list, as required in the statement of financial affairs, any prepetition transfers to creditors; nor did the Debtor disclose her previous ownership of or sale of her home.

On January 29, 2003, the Trustee held the Meeting of Creditors as required by 11 U.S.C. § 341. As was the case with her bankruptcy petition, the Debtor again failed to disclose at this meeting any information relating to her prepetition disposition of assets; this, despite being directly questioned by the Trustee on the matter. Shortly after this meeting was held, a Report of No Asset was filed by the Trustee.

On May 15, 2003, after receiving her Order of Discharge, the Debtor's bankruptcy case was closed. In close proximity to this event, information regarding the Debtor's prepetition disposition of property was brought to the attention of the Trustee by a third-party creditor.

On May 20, 2003, upon Motion by the Trustee, the Debtor's bankruptcy case was reopened.

On July 24, 2003, the Trustee conducted an examination of the Debtor pursuant to Bankruptcy Rule 2004(a). At this examination, the Debtor, upon questioning by the Trustee, disclosed those transactions relating to her prepetition disposition of assets, thereafter amending her bankruptcy schedules to reflect the prepetition transfers.

## DISCUSSION

■ The Trustee's Complaint to Revoke discharge is brought pursuant to 11 U.S.C. §§ 727(d)(1) and 727(d)(3). An action to revoke a debtor's discharge under either of these sections is deemed a core proceeding over which this Court has been conferred with the jurisdictional authority to enter final orders. 28 U.S.C. §§ 157(b)(2)(J), 1334.

■ The bankruptcy discharge lies at the heart of the Bankruptcy Code's "fresh start" policy. *Lawson v. Hughes (In re Lawson)*, 193 B.R. 520, 523 (9th Cir. BAP 1996), *aff'd*, 122 F.3d 1237 (9th Cir.1997). As such, discharges in bankruptcy are

strongly favored. *Marquis v. Marquis (In re Marquis)*, 203 B.R. 844, 847 (Bankr. D.Me.1997). So as to effectuate this policy, a debtor's discharge may only be denied or revoked for those reasons clearly expressed by statute, with all the statutory exceptions to discharge construed liberally in favor of the debtor and strictly against the party bringing the action. *Hunter v. Shoup (In re Shoup)*, 214 B.R. 166, 172 (Bankr.N.D.Ohio 1997); *Anderson v. Poole (In re Poole)*, 177 B.R. 235, 239 (Bankr. E.D.Pa.1995). From a procedural standpoint, the policy in favor of granting a discharge is reflected in the evidentiary rule that the moving party bears the overall burden of persuasion to demonstrate, by at least a preponderance of the evidence, the applicability of the asserted statutory exception to discharge. *Beaubouef v. Beaubouef (In re Beaubouef)*, 966 F.2d 174, 178 (5th Cir.1992), *citing Grogan v. Garner*, 498 U.S. 279, 287, 111 S.Ct. 654, 659–60, 112 L.Ed.2d 755 (1991); FED. R.BANKR.P. 4005.

The first ground upon which the Trustee relies to revoke the Debtor's discharge is 11 U.S.C. § 727(d)(1) which, in relevant part, provides:

(d) On request of the trustee, ... the court shall revoke a discharge granted under subsection (a) of this section if—

(1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge[.]

Pursuant to its plain language, a party bringing an action to revoke a debtor's discharge under this paragraph must establish the existence of two elements: (1) the debtor obtained their discharge by fraud; and (2) that moving party did not know of the fraud before the discharge. As applied here, only the first element merits a detailed discussion; with respect to the second element, the facts in this case show, and the Debtor does not dispute, that the Trustee, as evidence by his no asset report, did not have knowledge as to her prepetition disposition of estate assets.

■ The fraud contemplated by § 727(d)(1) is that of "fraud in fact"—that is, an act involving an intentional wrong—as opposed to implied fraud. *Dobnicker v. Albers (In re Albers)*, 80 B.R. 414, 417 (Bankr.N.D.Ohio.1987). As to this standard, however, a point of distinction needs to be made. The standard of fraud contemplated by § 727(d)(1) is not the same as which would warrant holding a debt nondischargeable. *Hiersche v. Brassard (In re Brassard)*, 162 B.R. 375, 380 fn. 13 (Bankr.D.Me.1994). Rather, § 727(d)(1) contemplates the type of fraud that, had the circumstances been timely known, would have prevented the debtor from receiving a discharge in the first place. *Johnson v. Chester Housing Auth. (In re Johnson)*, 250 B.R. 521, 528 (Bankr. E.D.Pa.2000).

■ The bankruptcy process relies on a debtor to make a complete, full, and honest disclosure of all required information. When initiating the bankruptcy process, this means that a debtor is obligated to carefully consider and review the answers to all questions posed in the petition so as to ensure their veracity. *Morton v. Dreyer (In re Dreyer)*, 127 B.R. 587, 593 (Bankr.N.D.Tex.1991). However, it is also contemplated that honest errors will be made in the filing of a bankruptcy petition. Bankruptcy Rule 1009 reflects this realization by giving a debtor the opportunity to correct mistakes at any time before the case is closed.

■ At the same time, amending one's bankruptcy petition, as the Debtor eventually did here, will not cure prior

transgressions. *In re Pier*, 310 B.R. 347, 358 (Bankr.N.D.Ohio 2004). Instead, with respect to omissions or otherwise incorrect information contained in a bankruptcy petition, a distinction will be made based upon the scope of the mistake; if the mistake is found to be "material," then a presumption of fraud will arise; if, on the other hand, the mistake is just technical or inadvertent in nature no such presumption will exist.[1] *Pelletier v. Donald (In re Donald)*, 240 B.R. 141, 146 (1st Cir. BAP 1999) (fraud may be presumed for purposes of § 727(d)(1) when, in a debtor's bankruptcy schedules, material omissions); *In re Hayes*, 270 B.R. 183, 186 fn. 2 (Bankr. S.D.N.Y.2001).

■ An omission or mistake in a bankruptcy petition is "material" if it would have an appreciable effect on the administration of the estate. *Dawson v. Cutts (In re Cutts)*, 233 B.R. 563, 572 (Bankr. M.D.Ga.1999). In this case, those transactions omitted from the Debtor's bankruptcy schedules clearly satisfy this materiality standard; the Debtor, in a case otherwise having no distributable assets, failed to disclose a property interest, and subsequent transactions related thereto, whose potential value to the estate amounted to over $30,000.00. To refute, however, the inference of fraud that arises therefrom, the Debtor, while fully acknowledging that certain prepetition transactions were omitted from her original bankruptcy petition, pointed out that the persons to whom the transfers were made were listed as creditors, thereby positing this question to the Court: Why, if she truly intended to commit fraud, did she not completely omit all information relating to the prepetition transactions at issue in this matter?

From a commonsense standpoint, the Court does not find the Debtor's argument particularly persuasive; it is not uncommon for persons engaged in a wrongful activity to hedge their bets by taking steps to give their actions less of an appearance of impropriety. Regardless, the omissions from the Debtor's bankruptcy petition only represent half the picture, with the Trustee, in calling for the invocation of § 727(d)(1), stating to the Court:

> The 'fraud' involved in this case is the Debtor's failure to disclose in either the original Statement of Financial Affairs filed herein or in her testimony at the First Meeting of Creditors the fact that she had sold [her home] on or about October 2, 2002 and that she had made the dispositions of the money to her mother, her friend and to Attorney Hafford. In this regard, the record is clear and uncontroverted that said disclosures were never made. This, despite Debtor having the opportunity to both list them in the Schedules and Statement of Financial Affairs and when called upon to verify the accuracy of these papers at the 341 Meeting herein on January 29, 2003. Instead of such honest and forthright disclosures, the Debtor withheld this information from the Trustee

(Doc. No. 22, at pg. 9.) Thus, the Trustee's case to revoke discharge relies not only on information omitted from the Debtor's petition, but rather on the cumulative effect of the Debtor failing to disclose required information in both her petition and at the first meeting of creditors.

---

1. To give an example of a technical or inadvertent error, a debtor's failure to disclose a prepetition foreclosure action, as required by question five in the statement of financial affairs, could be viewed as merely a technical mistake if the action had been fully disclosed under question four which requires disclosure of prepetition legal actions to which the debtor was a party.

In rebuttal, the Debtor, ascribed her omissions at the first meeting of creditors to a combination of severe nervousness and being in a rush. Again, however, the Debtor's explanation lacks persuasive weight. Query: How does nervousness or being in a hurry cause a person to fail to disclose the fact that, in the time period immediately preceding the filing of their bankruptcy, they sold a home and then used $23,000.00 of the proceeds received therefrom to pay debts, including debts to family members and close friends? If anything, people who are both nervous and in a hurry may tend to disclose information that they otherwise would have kept to themselves.

Moreover, the weight which can be afforded to her explanations simply melts away when looked at in light of the following negative and often terse responses given by the Debtor at the meeting of creditors:

Question: Have you had a chance to review the bankruptcy information sheet?

Answer: Yes, sir.

Question: Do you own real estate at this time?

Answer: No.

Question: Have you owned any real estate within the last four years?

Answer: No.

. . . .

Question: Have you sold or given away any property in the last year?

Answer: There was a house on Morrison Street that was in Fremont, Ohio that was sold without any, there was, there was [sic] a loss on it and it was sold with my ex-fiancé.

Question: All right. So you didn't receive any net proceeds after the mortgage was paid?

Answer: No.

. . . .

Question: Have you repaid any money to your mother in the last year?

Answer No.

(Exhibit T).

One of the underlying purposes of the first meeting of creditors is to allow a trustee, and other interested parties, to question the debtor face-to-face which, given human nature, may yield information not otherwise disclosed in the petition. *In re Chandler*, 89 B.R. 1002, 1004–5 (N.D.Ga.1988) (generally, a debtor must attend a § 341 meeting in person). Yet, as the above testimony shows, when specifically asked about the omissions at issue in this case, the Debtor gave wrongful information that, notwithstanding emotional considerations, had to be known to her. When viewed at in conjunction with the fact that like omissions existed on her bankruptcy petition, there is simply no alternative viable explanation other than to conclude that the Debtor sought to defraud her estate of assets.

Putting things together then, had her fraudulent conduct been discovered prior to the entering of the discharge order, various provisions would have applied so as to deny the Debtor a discharge. *See* 11 U.S.C. §§ 727(a)(2)(A), 727(a)(2)(B), 727(a)(4). However, as set forth above, the Trustee could not have been reasonably expected to discover the Debtor's fraud prior to the time the discharge was entered. Consequently, in conformance with the dual requirements of § 727(d)(1), the Trustee has met his burden of showing that the Debtor's discharge should be Revoked. Having decided this issue, the Court declines to reach the merits of the

Trustee's cause of action under § 727(d)(3).

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the bankruptcy discharge of the Debtor, Anne Sayre, be, and is hereby, Revoked pursuant to 11 U.S.C. § 727(d)(1).

It is **FURTHER ORDERED** that the Clerk, U.S. Bankruptcy Court, serve a notice of this Order upon the Debtor, the Trustee, and all the Creditors and Parties in interest.

Anne M. Sayre, Fostoria, OH, pro se.

Louis J. Yoppolo, Toledo, OH, trustee.

