**4**

Maurice SCHMIR, M.D., Plaintiff,

v.

**PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al., Defendants.**

No. 03–CV–187–P–S.

United States District Court,
D. Maine.

Feb. 4, 2004.

Tyler N. Kolle, Berman & Simmons, P.A., Lewiston, ME, for plaintiff.

Amy Cashore Mariani, Fitzhugh, Parker & Alvaro LLP, Edward P. O'Leary, Fitzhugh & Associates, Boston, MA, for Prudential Insurance Company of America, Allegiant Physician Services Incorporated.

## ORDER ON PLAINTIFF'S REQUEST FOR DEFAULT

SINGAL, Chief Judge.

Presently before the Court is Plaintiff's Request for Default and Application for Default Judgment (Docket # 31), which Plaintiff filed on December 23, 2003. On the same day, Defendants filed their Opposition to Plaintiff's Motion (Docket # 33) as well as a belated Answer to Plaintiff's Complaint (Docket # 32). For the reasons set forth below, the Court DENIES Plaintiff's Request for Default but also ORDERS that Defendants pay Plaintiff's Counsel $500.00 to cover the costs of moving for default.

### I. BACKGROUND

The factual allegations of this case are detailed in the October 30, 2003 Recommended Decision on Defendants' Motion to Dismiss, which this Court adopted on December 2, 2003. Defendants received electronic notice of this Court's adoption of the recommended decision that same day. Pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), Defendants should have filed their answer "within 10 days after notice of the court's action." In accordance with the District of Maine Administrative Procedures Governing the Filing and Service by Electronic Means and Federal Rules of Civil Procedure 5(b)(2)(D) & 6(e), Defendants were allotted three (3) extra days because service by electronic means is treated the same as service by mail. Thus, Defendants should have filed an answer on or before December 19, 2003. However, Defendants did not file an answer until December 23, 2003 and, by all accounts, it appears that the only reason Defendants filed an answer on that day was in response to the Request for Default that Plaintiff had filed that morning.

December 19, 2003 marked the second time Defendants have failed to meet the deadline for responding to Plaintiff's Complaint. Previously, Defendants had missed an earlier September 8, 2003 deadline for responding to Plaintiff's Complaint and, two days after that deadline had passed, filed a belated motion seeking an extension. In that Motion, filed on September 10, 2003, Defendants asserted two reasons for their delay: (1) defense counsel needed additional time to review the file that counsel had "just recently received" and (2) defense counsel had "inadvertently miscalculated the deadline for filing a responsive pleading." (Defs.' Mot. to Enlarge Time at 1 & 2 (Docket # 4).)

The day after Defendants filed their motion seeking an extension, Plaintiff filed his first motion for entry of default. Ultimately, Plaintiff's first Request for Default was denied and Defendants' Motion for Enlargement of Time was granted. Defendants then responded to Plaintiff's Complaint by filing a motion to dismiss on September 19, 2003. Following the Court's decision granting in part and denying in part the motion to dismiss, Defendants once again missed the deadline to respond to Plaintiff's complaint prompting Plaintiff to file the second Request for Default currently before the Court.

## II. DISCUSSION

The pending motion for entry of default implicates Federal Rule of Civil Procedure 55(a). Pursuant to Rule 55, it is within the discretion of the trial court to enter default against a party who "has failed to plead or otherwise defend as provided by these rules." Fed.R.Civ.P. 55(a). Faced with a request for entry of default where the opposing party has made an appearance, the Court considers the following factors:

> (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary, (3) whether a meritorious defense is presented; (4) the nature of the defendant's explanation for the default; (5) the good faith of the parties; (6) the amount of money involved; and (7) the timing of the motion.

*McKinnon v. Kwong Wah Restaurant*, 83 F.3d 498, 503 (1st Cir.1996) (citing *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir.1989)).[1] In deciding the motion, the Court is also guided by the general philosophy that "if at all possible, actions should be decided on their merits." *Snyder v. Talbot*, 836 F.Supp. 26, 29 (D.Me.1993) (citing *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir.1989)).

In the Court's assessment, most, if not all, of the above factors weigh in favor of denying the current request for entry of default. First, on the facts presented, the Court cannot conclude that the default was willful. While Defendants have not offered a precise reason for the current default (an issue discussed further below), the Court believes that the most likely explanation for the default at issue is the negligence of counsel in computing and following court deadlines. Second, given the early stage of the case and the fact that Defendants have already cured the default by filing an Answer,[2] the Court does not believe that denial of Plaintiff's request for default would prejudice Plaintiff's case. For the same reason, the Court does not find that the "timing of the motion" or timing of Defendants' opposition tilts the scale in favor of entering a default. With regards to the issue of whether Defendants have presented a meritorious defense, the

---

1. Although these factors were developed in the context of deciding a motion seeking to set aside default pursuant to Federal Rule of Civil Procedure 55(c), the Court finds that their "universal application" extends to the slightly different procedural context presented by the pending opposed motion for entry of default. *McKinnon*, 83 F.3d at 503.

2. In his Reply in Support of Request for Entry of Default (Docket # 34), Plaintiff takes issue with the form and substance (or lack thereof) of Defendants' belated Answer (Docket # 32). The Court's review of the Answer suggests that the document, in fact, does not comply with the letter or the spirit of the Federal Rules of Civil Procedure, including Rule 8(b), Rule 10(b) & Rule 11(b). Plaintiff's Reply suggests that additional motion practice may be necessary to cure these defects. In order to forego the time and expense of additional motion practice on this issue as well as any possible sanctions that might result from said motions, Defendants may find that it is in their best interest to cure these defects by filing an amended and clarified Answer as soon as possible.

**6**

Court notes that Defendants have already successfully argued for the dismissal of Count II of Plaintiff's Complaint. Thus, without speculating at an early stage as to the merits of the parties' respective positions, the Court finds that the Defendants have shown an ability to present a meritorious defense through their past filings. Lastly, the Court accepts Defendants' representation that this action involves a potential "six-figure judgment." The fact that the amount in controversy is neither de minimus nor certain further weighs in favor of this case proceeding to a resolution on the merits, rather than being resolved via default judgment.

This leaves only one additional factor for the Court to consider: Defendants' explanation of the default. In their Opposition to the Entry of Default, Defendants have offered no explanation for their most recent default but simply assert that Defendants have "demonstrated their good faith, [and] zealous efforts to defend against the plaintiff's claims." (Opp. to Pl.'s Request for Clerk to Enter Default at 4 (Docket # 33).) Assuming Defendants' assertion is true, Defendants still have failed to demonstrate an ability to comply with court deadlines and thereby present their "zealous" defense in a timely manner.

In order for the Court to ultimately decide this case on the merits, it is imperative that counsel follow basic filing deadlines. Therefore, the Court cannot simply ignore repeated and unexplained tardiness in filing the papers necessary for it to reach the merits. Indeed, it is hard to imagine how Defendants' counsel having already briefed and litigated the issue of failing to respond to Plaintiff's complaint in a timely manner could have repeated the error following the Court's ruling on its motion to dismiss.

Stripped to its essence, Plaintiff's Complaint alleges that Defendants have denied Plaintiff his long term disability benefits and failed to review his appeals of this denial in a timely manner. Plaintiff now suggests that Defendants are attempting to delay this litigation in the same way they delayed their own internal review of a decision they originally made in October 2002. Quite simply,

the Court will not allow Defendants to prolong this litigation by repeatedly missing clear and reasonable deadlines without explanation.

■ Having considered all of the relevant factors, the Court does not believe that entry of default is the appropriate course. While the Court does not support the drastic remedy of default, the Court does believe that Plaintiff's counsel should be compensated for the costs involved in moving for entry of default after Defendants failed, once again, to respond to Plaintiff's Complaint. Therefore, the Court hereby orders that Defendants pay Plaintiff's counsel $500.00 towards the costs involved in filing the present request for entry of default. *See Jones v. Winnepesaukee Realty,* 990 F.2d 1, 4–6 (1st Cir.1993). This payment shall be made within ten days of the parties receiving notification of this Order.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Request for Default. However, because Plaintiff was forced to bring this motion as a result of Defendants' *second* failure to comply with clear filing deadlines, the Court also ORDERS that Defendants pay Plaintiff's Counsel $500.00 towards the costs incurred in bringing this second motion for default.

SO ORDERED.