In re Ronald L. JONES 4464 Grandview Drive Cincinnati, Ohio 45244, Debtor.

Clarence J. COOPER R. 13, Box 740 U.S. 41 S Fort Myers, Florida 33908,

and

Ethel M. Cooper R. 13, Box 740 U.S. 41 S. Fort Myers, Florida 33908, Plaintiffs,

v.

Ronald L. JONES 4464 Grandview Drive Cincinnati, Ohio 45244, Defendant.

Bankruptcy No. 1–83–00792.

Adv. No. 1–84–0235.

United States Bankruptcy Court, S.D. Ohio, W.D.

April 29, 1985.

Jerry McBride, Cincinnati, Ohio, for plaintiffs.

Forest Heis, Cincinnati, Ohio, for defendant.

## DECISION AND ORDER ON MOTION TO DISMISS

BURTON PERLMAN, Bankruptcy Judge.

The relief sought in the present complaint is revocation of a discharge, and consequently the controversy is properly the subject of an adversary proceeding. B.R. 7001(4). An involuntary petition for an order for relief under chapter 7 was filed against the debtor on March 28, 1983. An Order for Relief was entered July 18, 1983. Debtor was granted a discharge November 21, 1983. On November 21, 1984 the present complaint was filed.

Plaintiffs herein allege that they are creditors with a claim against debtor in the amount of $80,000. After making reference to the discharge granted debtor, it is alleged that the discharge was obtained through fraud. The fraud is stated in the complaint to have consisted of:

A. The Debtor listed on his schedules the plaintiffs as "Cooper, Post Office Box 44056, Cincinnati Ohio 45244." The plaintiffs' full names were known to the Debtor at the time he filed his Petition and Schedules and the Plaintiffs' residence address was also known by Debtor and his partners. The Plaintiffs have never resided at the address stated for them in the Debtor's Schedules and the address used for them was totally ficticious (sic) and known to be so by the Debtor at the time of filing.

The complaint goes on to allege that plaintiffs "did not learn of such fraud until ... after the granting of the discharge."

Debtor/defendant has filed a motion to dismiss the complaint. In his supporting memorandum, he states that he is filing an application to amend his schedules in the bankruptcy case to list the correct names and address for plaintiffs, pointing out that all that plaintiffs' complaint amounts to is a contention that the discharge should be revoked for failure to list the correct name and address for plaintiffs in his schedules. In response, plaintiffs cite ample authority for the proposition that when done for a fraudulent purpose, the deliberate incorrect listing respecting a creditor in bankruptcy schedules as to whom correct information in fact is known, constitutes fraud in obtaining the discharge sufficient to warrant revocation of a discharge. The matter before us is governed by 11 U.S.C. § 727(d) and (e):

(d) On request of the trustee or a creditor, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—

(1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;

\*  \*  \*  \*  \*  \*

(3) the debtor committed an act specified in subsection (a)(6) of this section.

(e) The trustee or a creditor may request a revocation of a discharge—

(1) under subsection (d)(1) of this section, within one year after such discharge was granted; or

(2) under subsection (d)(2) or (d)(3) of this section, before the later of—

(A) one year after the granting of such discharge; or

(B) the date the case is closed.

Since the discharge was granted November 21, 1983 and the complaint herein was filed November 21, 1984, it would appear that the complaint was timely filed so far as section 727(d)(1) is concerned. Since the case has not yet been closed, it has certainly been filed within the time permitted for any assertion of revocation pursuant to section 727(d)(3).

In view of the authority presented by defendant, debtor's proposed amendment to his bankruptcy schedules cannot avail him, and the present motion must be overruled. We note a recent holding in the Sixth Circuit, *In Re Rosinski*, 759 F.2d 539 (6th Cir.1985). It holds that a debtor can amend his schedules to include an omitted creditor as of right unless the failure to list the creditor originally "can be shown to have prejudiced him in some way or to have been part of a scheme of fraud or intentional design." Id. at 541. That holding suggests that debtor's proposed amendment should be held in abeyance pending the outcome of the present adversary proceeding.

The Clerk will set this proceeding for pretrial conference.

SO ORDERED.