**In re Larry PANKEY, Debtor.**

**Tom KARR, Plaintiff,**

v.

**Larry PANKEY, Defendant.**

**Bankruptcy No. 88–27244–B.
Adv. No. 90–0288.**

United States Bankruptcy Court,
W.D. Tennessee, W.D.

Jan. 2, 1991.

Philip F. Counce, Memphis, Tenn., for debtor.

William Thomas Newton, William L. Bomar, Glankler, Brown, Gilliland, Chase, Robinson and Raines, Memphis, Tenn., for plaintiff.

## MEMORANDUM OPINION AND ORDER ON MOTION TO DISMISS

WILLIAM H. BROWN, Bankruptcy Judge.

The primary issue before the Court in this Motion to Dismiss filed by the defendant is whether the Complaint to Revoke Discharge was filed timely. The Complaint is filed under 11 U.S.C. § 727(d)[1] which permits revocation of a previously granted discharge, but only if—

(1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;

(2) the debtor acquired property that is property of the estate, or became entitled to acquire property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee; or

(3) the debtor committed an act specified in subsection (a)(6) of this section.

This is a core proceeding under 28 U.S.C. § 157(b)(2)(J), and the following contains findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

### FINDINGS OF FACT

There is no dispute on the following facts:

1. The debtor's Chapter 7 case was filed October 5, 1988, and January 3, 1989, was established as the last day to file complaints under § 523(c) or § 727(a).

2. No such complaints were filed and the debtor's discharge was entered January 17, 1989.

3. The case filed was closed February 15, 1989.

4. Tom Karr, the plaintiff herein, on October 6, 1989, moved to reopen the case in order to conduct a Rule 2004 examination of the debtor and "subsequently to address the propriety of the discharge of the indebtedness to Movant pursuant to 11 U.S.C. § 523 and § 727(a), and for all other appropriate purposes and relief." (Motion of Karr, pp. 4–5). The motion alleges that the debtor purposefully incorrectly listed Mr. Karr's address on the petition and matrix. In substance, the motion alleges that the debtor improperly concealed his bankruptcy filing from Mr. Karr.

5. After a hearing on October 3, 1989, the Court permitted the case to be reopened and a Rule 2004 examination of the debtor to be taken. However, the Order was not submitted to the Court until March 2, 1990, and the Order was entered on the docket March 15, 1990.

6. On September 26, 1990, the present adversary proceeding was filed. The complaint restates the substance of the motion to reopen, but alleges that the debtor's actions amount to fraud under 11 U.S.C. § 727(a)(2) and (4) and that the debtor also failed to disclose certain assets in the bankruptcy petition. For this latter allegation, only § 523(a)(2) is pled.

7. Section 727(d) is not plead in the complaint nor is § 523(a)(3).

8. The debtor/defendant filed a motion to dismiss the adversary proceeding on November 6, 1990. That motion states that the debtor submitted to a Rule 2004 examination on November 29, 1989.

### CONCLUSIONS OF LAW

This adversary proceeding was not filed within one year of the granting of the discharge or of the closing of the case, which one year limitation is established by 11 U.S.C. § 727(e). The plaintiff argues, however, that his motion to reopen was filed within the requisite one year and that the motion was sufficient to satisfy the language of both § 727(d) and (e) which states that a *"request"* for revocation of discharge may be made by either the "trustee, a creditor, or the United States trustee." (Emphasis added) Referring to

---

**1.** The complaint also alleges revocation under § 523(a)(2); however, grounds for revocation are limited to § 727(d).

the specificity in the motion to reopen, Karr argues that the motion put the debtor on sufficient notice of Karr's "request" for revocation of discharge and that so treating the motion to reopen would render the revocation complaint as timely.

The statutory language "request" may be unfortunate and the Court believes that language must be construed in the light of the entire statutory and procedural scheme for revocation of discharge. One authority states that the time limits of § 727(e) are "not a mere statute of limitations, but an essential prerequisite to the proceeding." 4 King, COLLIER ON BANKRUPTCY (15th Ed.1990), ¶ 727.16 at 727.11.

It is significant that Bankruptcy Rule 7001(4) defines an adversary proceeding to include a proceeding "to object to or revoke a discharge." Rule 7003 provides that an adversary proceeding is commenced by the filing of a complaint rather than a motion. *See, In re Leiter*, 109 B.R. 922, 925 (Bankr. N.D. Ind.1990) (A revocation for discharge "must be done by adversary proceeding and not by motion.") More significantly, Bankruptcy Rule 9024(2) provides that "a *complaint* to revoke a discharge in a Chapter 7 liquidation case may be filed only within the time allowed by § 727(e) of the Code." (Emphasis added) As *Collier* points out, the Advisory Committee note to Rule 9024 makes it clear that Federal Rule Civil Procedure 60(b) "affords no basis for circumvention of the time limitations prescribed by section 727 for the commencement of any proceeding to revoke a discharge." 4 King, COLLIER ON BANKRUPTCY (15th Ed.1990), ¶ 727.16 at 727–111; *see also, In re Barrup*, 53 B.R. 215, 219 (Bankr.D.Vt.1985).

In an examination of Federal Rule Civil Procedure 60(b)(6), the Court of Appeals for the Eighth Circuit has recently held that that Rule "does not give courts unlimited authority to fashion relief as they deem appropriate. Relief under the Rule is an extraordinary remedy. It is not a substitute for other legal remedies." *In re Zimmerman*, 869 F.2d 1126, 1128 (8th Cir. 1989). A complaint to revoke a discharge was not at issue in *Zimmerman* as it is

here, resulting in the exception from Rule 60(b)(6) as provided by Bankruptcy Rule 9024(2).

## CONCLUSION

In view of the requirements under Bankruptcy Rules 7001(4) and 9024(2) that an action to revoke a discharge be by a timely filed adversary proceeding or complaint, this Court is unable to read the word "request" found in § 727(d) and (e) to mean that a motion to reopen a case, no matter how specific it may be, satisfies the time limitations of § 727(e). A motion does not commence an adversary proceeding. Bankruptcy Rule 7003. The Court is compelled to conclude that the complaint to revoke discharge is untimely as having been filed more than one year after either the discharge or the case closing. The complaint seeking revocation of discharge is dismissed.

However, the creditor is not barred from filing an adversary proceeding for determination of dischargeability under § 523(a)(3), which adversary proceedings are not governed by § 523(c) and which adversary proceedings "may be filed at any time." Bankruptcy Rule 4007(b).

IT IS THEREFORE ORDERED that the motion to dismiss this adversary proceeding is granted based upon the untimeliness of the complaint to revoke discharge.

SO ORDERED.