In re Larry PANKEY, Debtor.

Tom KARR, Appellant,

v.

Larry PANKEY, Appellee.

No. 91–2239.

Bankruptcy No. 88–27244–B.

Adv. No. 90–0288.

United States District Court,
W.D. Tennessee, W.D.

Sept. 14, 1992.

William Thomas Newton and William L. Bomar of Glankler, Brown, Gilliland, Chase, Robinson & Raines, Memphis, Tenn., for appellant.

Philip F. Counce, Memphis, Tenn., for appellee.

## ORDER AFFIRMING DECISION OF BANKRUPTCY COURT

TODD, District Judge.

On October 5, 1988, Larry Pankey filed an original petition under chapter 7 of the Bankruptcy Code in the United States District Court for the Western District of Tennessee, Western Division. On January 17, 1989, the Debtor was granted a discharge, and the case was closed on February 15, 1989. On October 6, 1989, Appellant, Tom Karr, filed a motion to reopen the case for the purpose of conducting an examination of the Debtor pursuant to Bankr.Rule 2004. The bankruptcy court granted the motion at a hearing on October 31, 1989, and an examination of the Debtor was subsequently conducted. On September 26, 1990, Appellant filed an adversary complaint to revoke the Debtor's discharge. The Debtor moved to dismiss the adversary complaint on the grounds that it was not timely filed, and on January 2, 1991, the bankruptcy court granted the motion to dismiss and entered judgment. Appellant filed a motion to alter or amend the judgment on January 14, 1991, and a motion for leave to amend the complaint on February 8, 1991. These motions were denied on February 19, 1991, and February 28, 1991, respectively. Pursuant to 28 U.S.C. § 158(a) and Bankr. Rules 8001–8019, Appellant has filed a timely appeal from the bankruptcy court's order granting the Debtor's motion to dismiss, 122 B.R. 710, and the order denying leave to amend. For the reasons set forth below, the decision of the bankruptcy court is affirmed.

The factual findings of a bankruptcy court should not be overturned on appeal by a district court unless they are clearly erroneous. *In re Flo-lizer, Inc.,* 946 F.2d 1237, 1240 (6th Cir.1991); Bankr. Rule 8013. Under this standard, so long as the judge's inferences are reasonable and supported by the evidence, they will not be disturbed. *In re Southern Indus. Banking Corp.,* 809 F.2d 329, 331 (6th Cir.1987). Questions of law are reviewed *de novo.* *In re Caldwell,* 851 F.2d 852, 857 (6th Cir. 1988).

Appellant raises two issues on appeal:

1. Whether the bankruptcy court erred in dismissing the Appellant's adversary complaint to revoke discharge on the basis that it was untimely filed.

2. Whether the bankruptcy court erred in denying Appellant's motion for leave to amend the adversary complaint.

The Appellant's complaint to revoke discharge alleged that the Debtor obtained his discharge through fraud. 11 U.S.C. § 727(d) provides in relevant part:

On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—

(1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of the discharge;

Section 727(e) further provides:

The trustee, a creditor, or the United States trustee may request a revocation of a discharge—

(1) under subsection (d)(1) of this section within one year after such discharge is granted;

Appellant's complaint to revoke discharge was not filed until September 26, 1990, more than twenty months after the granting of the Debtor's discharge. Nevertheless, Appellant contends that his motion to reopen the Debtor's bankruptcy case, filed only seven months after the discharge, was a sufficient "request" for revocation to satisfy 11 U.S.C. § 727(e). In the alternative, Appellant contends that his motion to reopen tolled the one year limitation provided by the statute.

■ Appellant has cited no authority, and this court has found none, to support the proposition that filing a motion to reopen a bankruptcy case tolls the one year period provided by 11 U.S.C. § 727(e). The language of the statute is clear and unequivocal. In addition, Bankr.Rule 9024 provides that "a complaint to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed by § 727(e) of the Code," and Rule 9006(b)(2) provides that the time periods under Rule 9024 may not be extended. The deadline "is not a mere statute of limitations, but an essential prerequisite to the proceeding." 4 King, Collier on Bankruptcy, 727.16 (15th ed. 1990). Therefore, the court holds that Appellant's motion to reopen the Debtor's bankruptcy case did not toll the one year time period for filing a request for revocation.

The issue of whether a "request" for revocation pursuant to 11 U.S.C. § 727(e) must be by adversary complaint does not appear to have been directly addressed by the courts. Those courts which have stated that such a request must be initiated by an adversary complaint have done so without discussion of that particular issue. *See In re Tardiff,* 137 B.R. 83, 86 (Bankr.D.Me. 1992) (cites the bankruptcy court's opinion in this case, *In re Pankey,* 122 B.R. 710 (Bankr.W.D.Tenn.1991) ); *In re Leiter,* 109 B.R. 922, 925 (Bankr.N.D.Ind.1990) (citing to Bankr.Rule 7001(4) ); *In re Jones,* 51 B.R. 35, 35 (Bankr.S.D.Ohio 1985) (citing to Bankr.Rule 7001(4) ); *cf. In re Kirschner,* 46 B.R. 583, 586 n. 4 (Bankr.E.D.N.Y.1985) ("Revocation of discharge is usually an adversary proceeding. However, since the present proceeding was brought by motion, the parties agreed at the hearing to apply all adversary rules, but waive discovery."); *In re Waldman,* 33 B.R. 328, 329 n. 1 (Bankr.S.D.N.Y.1983) ("Properly the matter should have been commenced by the filing of a summons and complaint.... No objection to the form of the papers has been made on behalf of the debtors.")

The court has found only two cases which have granted a revocation of discharge brought by motion, and neither discusses the propriety of the form of the request. *See In re Jones,* 111 B.R. 674, 675 (Bankr.E.D.Tenn.1990); *In re Long,* 22 B.R. 152, 153–54 (Bankr.D.Me.1982). The bankruptcy court in *Jones* granted a motion to revoke discharge filed by the debtor, notwithstanding the provisions of 11 U.S.C. §§ 727(d) and (e). The holding is, therefore, questionable. *Long* also involved a motion to revoke discharge filed by the debtor, which the bankruptcy court treated as a motion under Bankr.Rule 9024 [Fed.R.Civ.P. 60(b) ], and granted. However, that case was decided prior to the 1983 amendment of Rule 9024 to preclude the Rule's application to § 727(e). Neither of these cases compels the conclusion that a request for revocation of discharge may properly be made by motion.

■ As stated by the bankruptcy court, "The statutory language 'request' may be unfortunate and the Court believes that language must be construed in the light of the entire statutory and procedural scheme for revocation of discharge." Rule 9024 provides that "a *complaint* to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed by § 727(e) of the Code ..." (emphasis added). In addition, Rule 7001(4) provides that "[a]n adversary proceeding is governed by the Rules of this Part VII. It is a proceeding ... (4) to object to or revoke a discharge." Rule 7003 [Fed.R.Civ.P. 3] provides that such adversary proceedings are commenced by filing a complaint. The court finds this to be sufficient indication that § 727(e) was intended to require the filing of an adversary complaint to initiate a proceeding to revoke a discharge.

■ Even if the court were to hold that a proceeding for revocation of discharge may be initiated by motion, the motion to reopen filed in this case would be insufficient. The motion requested the bankruptcy court to "enter an Order reopening the bankruptcy case of Larry Pankey to order a Rule 2004 examination and subsequently to address the propriety of the discharge of the indebtedness to Movant pursuant to 11 U.S.C. 523 and 727(a), and for all other appropriate purposes and relief." Clearly, the motion requests *only* reopening for a 2004 examination, and specifically states that the propriety of the discharge will be

address *subsequently.* As the 2004 examination was conducted on November 29, 1989, Appellant had almost two months remaining in which to file a complaint to revoke discharge, before the expiration of the one year deadline. He chose not to do so. The court holds that the bankruptcy court was correct in dismissing Appellant's complaint to revoke discharge as untimely filed.

Appellant also appeals from the bankruptcy court's order denying leave to amend the complaint to add a claim under 11 U.S.C. § 523(a)(3), which may be filed at any time. *See* Bankr.Rule 4007(b). Appellant argues that his complaint could be amended because the bankruptcy court's order of January 2, 1991, dismissed those allegations brought under § 727, but not those under § 523(a)(2). This argument has no merit. The bankruptcy court's order was clearly intended as a dismissal of the entire complaint, and judgment was entered thereon. As Appellant's complaint to revoke discharge had already been dismissed when his motion for leave to amend was filed, the bankruptcy court properly denied the motion. *See McGregor v. Industrial Excess Landfill, Inc.*, 856 F.2d 39, 43–44 (6th Cir.1988).

The decision of the bankruptcy court is AFFIRMED.

IT IS SO ORDERED.