**In re Gary E. MILLER and Bonnie B. Miller, Debtors.**

**Car Care Center of Crystal Lake, Ltd., Plaintiff,**

v.

**Gary E. Miller and Bonnie B. Miller, Defendants.**

**Bankruptcy No. 01–32045–JES. Adversary No. 03–2520.**

United States Bankruptcy Court, E.D. Wisconsin.

Nov. 28, 2005.

---

Marie L. Nienhuis, Godfrey & Kahn, S.C., Milwaukee, WI, Timothy F. Nixon, Godfrey & Kahn, S.C., Green Bay, WI, for plaintiff.

Michael F. Dubis, Waterford, WI, for defendants.

## DECISION

JAMES E. SHAPIRO, Bankruptcy Judge.

In this adversary proceeding, the plaintiff, pursuant to 11 U.S.C. § 727(d)(1), seeks to revoke the discharge granted to the debtors. Sec. 727(d)(1) states, in part:

> On request of ... a creditor ... the court shall revoke a discharge granted under subsection (a) of this section if—
> (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud

until after the granting of such discharge.

11 U.S.C. § 727(e) establishes the time period for filing a revocation of discharge proceeding and must be read in conjunction with § 727(d)(1). Sec. 727(e) reads as follows:

> ... a creditor may request a revocation of a discharge
>
> (1) under subsection (d)(1) of this section, within one year after such discharge was granted.

In addition to these statutes, this decision refers to 11 U.S.C. § 105(a), Fed.R.Civ.P. 60(b), and Bankruptcy Rules 9024, 9006(b)(2), 9030, and 4004(b). All of these additional provisions are set forth in the annexed appendix.

The issue which confronts this court is whether the one-year deadline to file a complaint to revoke discharge under 11 U.S.C. § 727(e) is jurisdictional or is in the nature of a statute of limitations, which is waivable and extendable.

## FACTUAL BACKGROUND

The following chronology of events is set forth in order to place this issue in its proper perspective:

| Date | Event |
|---|---|
| October 24, 2001 | Debtors file a petition for relief under chapter 13 of the Bankruptcy Code and list plaintiff as a creditor in these proceedings. |
| May 1, 2002 | Debtors convert this case to a case under chapter 7. |
| September 13, 2002 | Debtors receive a discharge, and this case is closed. |
| June 3, 2003 | Plaintiff files a motion to reopen this case to consider whether proceedings to revoke the debtors' discharge should be commenced under 11 U.S.C. § 727(d). |
| July 21, 2003 | Court signs order submitted by agreement of the parties granting plaintiff's motion to reopen and extending the deadline to file an adversary proceeding to revoke discharge to October 7, 2003. |
| October 7, 2003 | Plaintiff files adversary complaint to revoke discharge. |
| October 31, 2003 | Debtors file motion to dismiss adversary complaint on grounds of lack of jurisdiction. |
| December 30, 2003 | Court signs order denying debtors' motion to dismiss, citing as authority the district court decision of *Disch v. Rasmussen*, 299 B.R. 902 (W.D.Wis.2003), which holds that the deadline to revoke discharge is not jurisdictional, relying upon 11 U.S.C. § 105(a). |
| August 9, 2005 | *Disch v. Rasmussen* is affirmed on appeal to the Seventh Circuit, 417 F.3d 769 (7th Cir.2005). However, in its ruling, the Seventh Circuit declares that revocation of discharge cannot be based upon 11 U.S.C. § 105(a) but, instead, is based upon Bankruptcy Rule 9024. |

In view of the Seventh Circuit's ruling in *Disch v. Rasmussen*, this court *sua sponte* opted to reconsider its December 30, 2003 order denying defendants' motion to dismiss with respect to the issue of the court's jurisdictional powers under 11 U.S.C. § 727(e).

## DISCH V. RASMUSSEN

In *Disch v. Rasmussen*, the Seventh Circuit, in declaring that revocation of discharge cannot be based upon 11 U.S.C. § 105(a), stated that to do so would exceed the bankruptcy court's equitable powers. *Id.* at 778. The Seventh Circuit, however, did affirm the lower court ruling revoking the discharge on other grounds. It stated that the bankruptcy court has the authority to revoke the discharge under Bankruptcy Rule 9024, which applies Fed.R.Civ.P. 60 to bankruptcy proceedings. Fed.R.Civ.P. 60(b) permits this court to vacate an order as a result of fraud. *Id.* at 778–79. Under Bankruptcy Rule 9024, such action to revoke the discharge must be commenced within one year after the discharge was granted. Bankruptcy Rule 9024 specifically recites that a complaint to revoke a discharge in a chapter 7 case shall be filed only within the time permitted under § 727(e) of the Bankruptcy

Code, and Bankruptcy Rule 9006(b)(2) states that an extension of this time limit contained in Bankruptcy Rule 9024 cannot be made. *See In re Pankey*, 145 B.R. 244, 246 (W.D.Tenn.1992) (Motion to reopen case within one year does not toll the one-year time period for filing adversary complaint to revoke discharge. Adversary complaint filed in this case more than 20 months after discharge was granted is untimely.); *In re Donald*, 240 B.R. 141, 147 (1st Cir.BAP1999); *In re Barrup*, 53 B.R. 215, 219 (Bankr.D.Vt.1985) (Where adversary complaint was filed 1 year and 26 days after discharge was granted, court is without jurisdiction to hear the complaint.); *In re Brassard*, 162 B.R. 375 (Bankr.D.Me.1994) (Adversary complaint to revoke discharge filed 13 months after discharge was granted was untimely, and count in complaint based on § 727(d)(1) was dismissed.). The 1983 Advisory Committee Note to Bankruptcy Rule 9024 also makes it clear that there can be no extension of this time limit by stating:

> [p]ursuant to section 727(e) of the Code, a complaint to revoke a discharge must be filed within one year of the entry of the discharge ... [T]his rule make[s] it clear that the time period established by section 727(e) of the Code may not be circumvented ...

*See* H.R.Rep. No. 595, 95th Cong., 1st Sess. 385 (1977); S. Rep. 989, 95th Cong., 2d Sess. 99 (1978), U.S.Code Cong. & Admin. News 1978, pp. 5787.

The facts before this court are readily distinguishable from the facts in *Disch v. Rasmussen*. The Seventh Circuit in *Disch v. Rasmussen* asserted:

> We do not see how this provision (§ 727(e)) precludes the court from setting aside an order of discharge under Bankruptcy Rule 9024 *six months* after its issuance, which is the case here. (underlining added for emphasis)

*Id.* at 778. The plaintiff in the case at bar, unlike *Disch v. Rasmussen*, did not file its adversary proceeding until more than one year after the discharge was granted.

In light of the facts in the case at bar and the Seventh Circuit ruling in *Disch v. Rasmussen*, this court can no longer rely upon § 105(a) as grounds to revoke debtors' discharge. It only has authority to do so to the extent that the complaint to revoke discharge complies with the one-year requirement for filing such a complaint as contained in § 727(e) and Bankruptcy Rule 9024. Such requirement was not met here.

### *KONTRICK V. RYAN*

The plaintiff also argues that *Kontrick v. Ryan*, 540 U.S. 443, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004), is precedent for its position that § 727(e) is not a jurisdictional statute. The plaintiff asserts "that the deadlines established in the Code for filing actions challenging discharge are extendable and waivable statutes of limitation." Plaintiff submits that, because the parties had agreed to an extension of the one-year deadline to file an adversary complaint to revoke discharge to October 7, 2003, this adversary complaint was timely filed.

This court disagrees and does not read *Kontrick v. Ryan* as broadly as does the plaintiff. *Kontrick v. Ryan* only holds that Bankruptcy Rule 4004(a), which deals with denial of discharge (not revocation of discharge) is not jurisdictional but, instead, is a claim processing rule which can be waived and extended. *Id.* at 456, 124 S.Ct. 906. *Kontrick v. Ryan*, however, does not hold that § 727(e) is also not jurisdictional. It does not even discuss § 727(e). *Kontrick v. Ryan* explains that the time restraints applicable to objections to discharge are contained in the bankruptcy rules, and these rules "do not create or withdraw federal jurisdiction," adding that

Bankruptcy Rule 9030 states that the Bankruptcy Rules "shall not be construed to extend or limit the jurisdiction of the courts." *Id.* at 453, 124 S.Ct. 906. A distinction must be drawn between bankruptcy statutes and bankruptcy rules. Sec. 727(e) is a bankruptcy statute. Bankruptcy statutes are enacted by Congress, unlike bankruptcy rules which are promulgated by the U.S. Supreme Court and govern procedures in bankruptcy cases. *Kontrick v. Ryan* states:

Only Congress may determine a lower federal courts subject matter jurisdiction.

*Id.* at 452, 124 S.Ct. 906.

There is a further crucial difference between the time requirements for denial of discharge in *Kontrick v. Ryan* and the time requirements for revocation of discharge involved in the case at bar. An extension of the deadline for denying a discharge action under Bankruptcy Rule 4004(b) is specifically permitted if such motion for extension of time is made before the time expires. By contrast, however, there is no such provision in either the rules or statutes for extending the deadline to file a revocation of discharge complaint under 11 U.S.C. § 727(e). Indeed, Bankruptcy Rule 9006(b)(2) explicitly disallows such an extension.

### TENNESSEE STUDENT ASSISTANCE CORPORATION V. HOOD

Plaintiff further submits that it has satisfied any jurisdictional requirement by having filed its motion to reopen the debtors' bankruptcy case within the one-year deadline required under § 727(e) because "of the *in rem* nature of a § 727 action." It cites the U.S. Supreme Court case of *Tennessee Student Assistance Corporation v. Hood,* 541 U.S. 440, 124 S.Ct. 1905, 158 L.Ed.2d 764 (2004), as authority for this argument. Plaintiff reads more into *Hood*

than its actual holding, and its reliance upon *Hood* is misplaced. The significance of *Hood* lies as much in what it did not decide as in what it did decide. Although it was widely anticipated that the U.S. Supreme Court would be ruling on what it had granted *certiorari*—namely, whether the Bankruptcy Clause of the United States Constitution, U.S. Const. art. I, § 8, cl. 4, which grants Congress the power to establish uniform laws on the subject of bankruptcies, gives Congress the authority to abrogate state sovereign immunity from private suits—it declined to do so. *Id.* at 454, 124 S.Ct. 1905. It found it unnecessary to decide this constitutional issue because the matter in *Hood* is an *in rem* proceeding in which the debtor is not seeking monetary damages or any other affirmative relief against the state. *Id.* at 450, 124 S.Ct. 1905. The U.S. Supreme Court affirmed the Sixth Circuit Court of Appeals which allowed the debtor to pursue her adversary proceeding against the state entity to determine the dischargeability of her student loan debt. *Id.* At 455.

The issue in *Hood* is entirely different from the issue which confronts this court. *Hood* did not address the issue of whether the one-year deadline to file a complaint to revoke discharge under 11 U.S.C. § 727(e) is jurisdictional or is in the nature of a statute of limitation which can be waived or extended. *Hood* made no mention of a proceeding to revoke a discharge or the impact of the one-year limitation under § 727(e) to file such action. It had no need to discuss the subject of any time restraints for commencing a proceeding to determine dischargeability of a student loan debt. That is because, unlike a revocation of discharge proceeding, there are no time limitations for filing a complaint to determine dischargeability of student loans. *Hood* did not decide that an *in rem*

proceeding means that the time requirements under § 727(e) are non-jurisdictional. Thus, *Hood* is not relevant to the issue before this court.

### EQUITABLE TOLLING

Under the doctrine of equitable tolling, where a party has been injured by fraud and remains in ignorance of it, the statute does not commence until the fraud has been discovered by this party. Although this doctrine has been applied by some courts with respect to § 727(e)(2), *see In re Peebles*, 224 B.R. 519 (Bankr.D.Mass. 1998); and *In re Succa*, 125 B.R. 168 (Bankr.W.D.Tex.1991), these cases represent a minority position. The doctrine of equitable tolling has never been applied to § 727(e)(1). Moreover, the plaintiff, in its objection to the defendants' motion to dismiss, has candidly acknowledged that it is not asking this court to apply equitable tolling in this case with respect to § 727(e)(1).[1]

### EFFECT OF PARTIES' CONSENT TO EXTENSION OF DEADLINE FOR FILING ADVERSARY COMPLAINT FOR REVOCATION OF DISCHARGE

■ The plaintiff argues that it and the debtors agreed to an extension of the deadline to October 7, 2003 in support of its claim that the one-year deadline under § 727(e) is not jurisdictional. Notwithstanding the parties' agreement, any extension beyond the one-year deadline period with respect to revocation of discharge is ineffective.

■ It is well established that jurisdiction cannot be conferred upon a court by agreement of the parties. Erwin Chemerinsky, *Federal Jurisdiction* § 5.1 (4th ed.2003); *Insurance Corp. of Ireland Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982); *Scaccianoce v. Hixon Mfg. & Supply Co.*, 57 F.3d 582 (7th Cir. 1995); *In re Spencer*, 168 B.R. 142 (Bankr. N.D.Tex.1994); and *In re Gyncor Inc.*, 251 B.R. 344 (Bankr.N.D.Ill.2000). Furthermore, a party cannot waive subject matter jurisdiction. *In re Millers Cove Energy Co.*, 128 F.3d 449 (6th Cir.1997).

### CONCLUSION

■ Sec. 727(e) is clear on its face, and this court is duty-bound to follow the plain language of this statute. The U.S. Supreme Court has mandated that, where a statute's language is plain, a court's sole function is to enforce such statute according to its terms. *U.S. v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989); *Taylor v. Freeland & Kronz*, 503 U.S. 638, 643–44, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992).

■ This court is mindful of the plaintiff's contention made in its complaint of an alleged scheme having been perpetrated upon the creditors by the debtors, and to permit the debtors to retain their discharge under these circumstances violates the Bankruptcy Code's fundamental tenet of providing such relief only to the "honest but unfortunate debtor." However, the plaintiff's charges in its complaint are only allegations, which are vigorously in dispute. Furthermore, there are strong policy reasons in favor of providing finality to a debtor who receives a discharge and who should be able to rely upon such discharge without concern that it is indefinitely open to challenge. The court in *In re Dolliver*, 255 B.R. 251 (Bankr.D.Me.2000), declared:

---

1. At page 6 of its objection to debtors' motion to dismiss, plaintiff states: "Car Care is not asking the court to equitably toll the section 727(e)(1) deadline."

... although bankruptcy may sometimes be a long and winding road, it is not meant to be an endless one.

*See also In re Bevis,* 242 B.R. 805, 810 (Bankr.D.N.H.1999), which similarly concluded that a discharge should be imbued with a high degree of finality, notwithstanding competing policy considerations, in light of the plain meaning of § 707(e)(1).

For all of these reasons, upon reconsideration of the defendant's motion to dismiss, the court concludes that the adversary complaint was untimely. The order of this court dated December 30, 2003 which denied the defendants' motion to dismiss is **VACATED,** and the defendants' motion to dismiss is hereby **GRANTED.**

### APPENDIX

11 U.S.C. § 105(a) (2005)

The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

Fed.R.Civ.P. 60(b)

Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken...

Fed. R. Bankr.P. 9024

Rule 60 F.R.Civ.P. applies in cases under the Code except that (1) a motion to reopen a case under the Code or for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(b), (2) a complaint to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed by § 727(e) of the Code, and (3) a complaint to revoke an order confirming a plan may be filed only within the time allowed by § 1144, § 1230, or § 1330.

Fed. R. Bankr.P. 9006(b)(2)

*Enlargement not permitted.* The court may not enlarge the time for taking action under Rules 1007(d), 2003(a) and (d), 7052, 9023, and 9024.

Fed. R. Bankr.P. 9030

These rules shall not be construed to extend or limit the jurisdiction of the courts or the venue of any matters therein.

Fed. R. Bankr.P. 4004(b)

Extension of time. On motion of any party in interest, after hearing on notice, the court may for cause extend the time to file a complaint objecting to discharge.

The motion shall be filed before the time has expired.