FILED
United States Court of Appeals
Tenth Circuit

October 3, 2007

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

In re: REBECCA KREUTZER;
MICHAEL KREUTZER,

Debtors,

JIMMY GIDDENS, M.D.,

Appellant,

v.

REBECCA KREUTZER; MICHAEL
KREUTZER; FELICIA S. TURNER,
as U.S. Trustee,

Appellees,

KATHERINE M. VANCE, Bankruptcy
Trustee; STEVEN W. SOULE,

Trustees.

No. 06-5127
(D.C. No. 05-CV-0725-CVE-FHM)
(N.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before **McCONNELL**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

---

Rebecca and Michael Kreutzer petitioned for Chapter 7 bankruptcy relief

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

after post-surgical complications allegedly caused Mrs. Kreutzer to lose her employment and incur extensive medical bills. At the time they filed their bankruptcy petition, the Kreutzers failed to list their accrued but not-yet-filed medical malpractice claim against Appellant, Dr. Jimmy Giddens, as a potential estate asset. Even after later filing a malpractice action against Dr. Giddens, the Kreutzers neglected to supplement their bankruptcy petition to include the malpractice claim. They thereafter received a no-asset discharge, and their bankruptcy case was closed.

In defending the state court malpractice action, Dr. Giddens filed a motion to dismiss arguing, *inter alia*, that the Kreutzers should be judicially estopped from pursuing the malpractice claim. According to Dr. Giddens, by not listing the malpractice claim as an asset in the bankruptcy case, the Kreutzers manipulated the courts by taking inconsistent positions and prejudiced Dr. Giddens.

In an apparent attempt to undercut the force of Dr. Giddens' motion to dismiss, the Kreutzers returned to the bankruptcy court and filed a motion to reopen their bankruptcy case in order to add the malpractice claim as an unadministered asset of their estate while simultaneously arguing for its exemption. Dr. Giddens objected to that motion, but his objection was overruled. He appealed the bankruptcy court's decision to reopen the Kreutzers' bankruptcy case to the district court. The district court, following the magistrate judge's detailed report and recommendation, concluded that Dr. Giddens lacked standing

to appeal and, in the alternative, that judicial estoppel did not apply to the bankruptcy proceedings. Dr. Giddens now appeals to this court.

## ANALYSIS

We review issues of standing *de novo*. *Vermejo Park Corp. v. Kaiser Coal Corp. (In re Kaiser Steel Corp.)*, 998 F.2d 783, 788 (10th Cir. 1993). While the Bankruptcy Code does not articulate a standard for appellate standing, the Tenth Circuit consistently has adopted the "person aggrieved" standard, under which appellate review is available only to "those persons whose rights or interests are directly and adversely affected pecuniarily by the decree or order of the bankruptcy court." *Holmes v. Silver Wings Aviation, Inc.*, 881 F.2d 939, 940 (10th Cir. 1989) (internal quotation marks omitted). This narrow standing requirement "is more stringent . . . than the 'case or controversy' standing requirement of Article III," *Nintendo Co. v. Patten ( In re Alpex Computer Corp.)*, 71 F.3d 353, 357 n.6 (10th Cir. 1995) (internal quotation marks omitted), because it is designed to limit appellate standing "in order to avoid endless appeals brought by a myriad of parties who are indirectly affected by every bankruptcy court order," *Lopez v. Behles (In re Am. Ready Mix, Inc.)*, 14 F.3d 1497, 1500 (10th Cir. 1994) (internal quotation marks omitted).

Accordingly, to qualify as a person aggrieved, Dr. Giddens would have to show that the bankruptcy order at issue "diminish[ed his] property, increas[ed his]

burdens, or impair[ed his] rights." *Id.* (internal quotation marks omitted). Dr. Giddens argues that he qualifies as a "person aggrieved" because "the bankruptcy court's order directly 'impaired' [his] substantive right to present a judicial estoppel defense in the underlying [medical malpractice] litigation." (Aplt.'s Opening Br. at 18.) However, "[t]he mere act of reopening a closed bankruptcy . . . is a purely ministerial act with no legal significance for the underlying bankruptcy," *Quarles v. Malloy (In re Quarles)*, 2007 WL 171913, at *5 (N.D. Okla. Jan. 18, 2007), let alone for an independent tort action. Moreover, while "[t]he bankruptcy court's decision to reopen the case has an indirect effect on [Appellant's] defense in a separate lawsuit, . . . this does not mean that [he has] a 'particular and direct stake' in the underlying bankruptcy proceedings." *Id.*; *see Riazuddin v. Schindler Elevator Corp. (In re Riazuddin)*, 363 B.R. 177, 183 (B.A.P. 10th Cir. 2007) ("Under the analysis of [*In re Alpex*, 71 F.3d 353], Appellee's claim that its defense in the personal injury case may be affected by the reopening is insufficient to give it a direct interest in the Debtors' bankruptcy case, and therefore, it lacked standing to oppose the motions to reopen."); *see also Lopez v. Specialty Rests. Corp. (In re Lopez)*, 283 B.R. 22, 27 n.9 (B.A.P. 9th Cir. 2002) (expressing doubt that defendant in sexual harassment claim that was not listed in bankruptcy filing would have standing to intervene on motion to reopen).

Rather, Dr. Giddens' judicial estoppel defense was properly presented to

the state court, which must resolve the matter after the bankruptcy court decides whether the claim is an asset of the estate and after the Chapter 7 trustee decides whether or not to pursue the claim. And while the trustee's decision may affect the viability of that defense,[1] Dr. Giddens has failed to show that reopening the Kreutzers' bankruptcy case "will disrupt any defense to the merits" of the medical malpractice claim. *In re Quarles*, 2007 WL 171913, at *5. Indeed, at this time Dr. Giddens' liability is undetermined, rendering him "at most, a *potential* 'debtor of a debtor.'" *In re Riazuddin*, 363 B.R. at 183 (emphasis added). We conclude that the bankruptcy court order will have no direct effect on Dr. Giddens and that he therefore fails to qualify as a "person aggrieved." We accordingly do not decide whether the Kreutzers should be judicially estopped in either the bankruptcy court or state court proceedings. We note that the bankruptcy court order merely reopened the case; the bankruptcy court maintains the authority to assess any penalties it deems appropriate for the Kreutzers' failure to inform the court of the medical malpractice claim.

Lastly, we find no merit to Dr. Giddens' contention that the Kreutzers lack

---

[1] Depending on the trustee's decision, Dr. Giddens' supplemental citation to *Eastman v. Union Pac. R.R. Co.*, --- F.3d ----, 2007 WL 1954031 (10th Cir. July 6, 2007), may impact the state court tort litigation.

standing to reopen their own bankruptcy case.  *See* Fed. R. Bankr. P. 5010; *In re Alpex*, 71 F.3d at 356.  The order of the district court is affirmed.

Entered for the Court

Monroe G. McKay
Circuit Judge