**Rolf ANDERSEN, Debtor.**

**The Cadle Company, as General Partner of D.A.N. Joint Venture, L.P., Plaintiff–Appellant,**

v.

**Rolf Andersen, Defendant–Appellee.**

**BAP No. MB 11–092.
Bankruptcy No. 09–14033–JNF.
Adversary No. 11–01083–JNF.**

United States Bankruptcy Appellate Panel of the First Circuit.

Aug. 17, 2012.

See also 2011 WL 4571900.

Mark H. Bluver, Esq., on brief for Plaintiff–Appellant.

Bailey Buchanan Nowak, Esq., and Orestes G. Brown, Esq., on brief for Defendant–Appellee.

Before HAINES, DEASY, and TESTER, United States Bankruptcy Appellate Panel Judges.

HAINES, Bankruptcy Judge.

The Cadle Company, as General Partner of D.A.N. Joint Venture, L.P. ("Cadle"), appeals the bankruptcy court's order dismissing its complaint to revoke the chapter 7 discharge of Rolf Andersen pursuant to § 727(d)(1) and (3).[1] For the reasons set forth below, we **AFFIRM.**

### BACKGROUND

Andersen filed a chapter 7 bankruptcy petition in May 2009. He scheduled Cadle as holding a $1,183,614 unsecured claim. The deadline for filing complaints objecting to Andersen's discharge was initially set for August 7, 2009. On Cadle's motion, that deadline was extended to September 12, 2009. Andersen's discharge issued on September 15, 2009, with Cadle seeking no further extensions. After discharge entered, Cadle filed a belated motion seeking a further extension of the discharge objection deadline. The court denied the motion as untimely and closed the case on September 30, 2009.

On November 3, 2009, Cadle and the chapter 7 trustee moved to reopen Andersen's case, expressing concern about the veracity of information reported in his Statement of Financial Affairs (Official Form 7). They urged the court to reopen the case to permit them to investigate those concerns.[2] The court denied the motion to reopen in March 2010, and Cadle timely appealed. On January 20, 2011, the Bankruptcy Appellate Panel reversed the bankruptcy court's refusal to reopen Andersen's case. It cautioned:

> [T]he reopening of a case is a ministerial act which allows the file to be retrieved

so the court can receive a new request for relief; the reopening, by itself, has no independent legal significance and determines nothing with respect to the merits of the relief to be requested. *In re Haralambous*, 257 B.R. 697, 698 (Bankr.D.Conn.2001); *see also Giddens v. Kreutzer (In re Kreutzer)*, 249 Fed. Appx. 727, 729 (10th Cir.2007). Consequently, *the Panel makes no determination as to the merits of a potential revocation of discharge action, or whether such an action might be time-barred under the Bankruptcy Code.*

*The Cadle Company, General Partner of D.A.N. Joint Venture v. Andersen (In re Andersen)*, No. MB 10–015, 2011 WL 4571900, at \*5 (1st Cir. BAP Jan. 20, 2011) (emphasis added). The Panel's mandate issued on February 25, 2011.

In March 2011, Cadle filed the action that is the subject of this appeal. It sought revocation of Andersen's discharge, asserting, among other things, that he 1) refused to testify regarding his business dealings; 2) gave false testimony during his Rule 2004 examination; 3) falsified information on his Statement of Financial Affairs; and 4) had been indicted for, and had pleaded guilty to, federal money laundering charges. Cadle asserted Andersen's discharge had been obtained by fraud, that remained undiscovered until after the discharge entered (Count I, § 727(d)(1)), and that he had refused to respond to material questions concerning his affairs, in violation of § 727(a)(6)(C) (Count II, § 727(d)(3)).

---

**1.** All references to the "Code" or the "Bankruptcy Code" are to the Bankruptcy Code of 1978, as amended, 11 U.S.C. § 101, *et seq.* Unless otherwise indicated, all references to statutory sections are to sections of the Code. Unless expressly stated otherwise, all refer-

ences to "Rule" or "Bankruptcy Rule" shall be to the Federal Rules of Bankruptcy Procedure.

**2.** The trustee later withdrew his support for the motion.

Andersen answered and moved to dismiss the complaint, contending it was time-barred under § 727(e)(1) and (e)(2), and that it failed to state a claim. He emphasized the timeliness issue, asserting that the doctrine of equitable tolling does not apply to the temporal limitation on bringing a discharge revocation complaint. Cadle opposed the motion, blaming the complaint's tardiness on the bankruptcy court's refusal to reopen. The court held that the action was time-barred. Moreover, it concluded that even if Cadle's Count II were considered timely, it was not viable because a debtor's refusal to answer a question which has not been previously approved by the court does not violate § 727(a)(6)(C), and, thus, will not support discharge revocation via § 727(d)(3).[3] This appeal ensued.

## JURISDICTION

We must determine our jurisdiction before proceeding to the merits, even if the litigants do not raise the issue. *George E. Bumpus, Jr. Constr. Co., Inc. v. Boylan (In re George E. Bumpus, Jr. Constr. Co., Inc.)*, 226 B.R. 724, 725–26 (1st Cir. BAP 1998) (internal quotations and citation omitted). We are authorized to hear appeals "from final judgments, orders, and decrees [pursuant to 28 U.S.C. § 158(a)(1) ], or with leave of the court, from interlocutory orders and decrees [pursuant to 28 U.S.C. § 158(a)(3) ]." *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.)*, 218 B.R. 643, 645 (1st Cir. BAP 1998) (internal quotations omitted).

"An order granting a motion to dismiss is a final order that ends the litigation on the merits of the complaint." *Kasparian v. Conley (In re Conley)*, 369 B.R. 67, 70 (1st Cir. BAP 2007) (affirming bankruptcy court's order dismissing § 727 complaint for failure to state claim); *see also Burrell–Richardson v. Mass. Board of Higher Ed. (In re Burrell–Richardson)*, 356 B.R. 797, 799 (1st Cir. BAP 2006). Similarly, "[a]n order granting summary judgment is a final order for purposes of appeal." *Ellis v. Dunn (In re Dunn)*, 324 B.R. 175, 178 (D.Mass.2005) (citation and internal quotations omitted). Thus, we have jurisdiction to hear this appeal.

## STANDARD OF REVIEW

A bankruptcy court's findings of fact are reviewed for clear error and its conclusions of law are reviewed *de novo*. *See Lessard v. Wilton–Lyndeborough Coop.*

3. *The Cadle Company as General Partner for D.A.N. Joint Venture, L.P. v. Andersen (In re Andersen)*, No. 11–1083, 2011 WL 5835099, at *1 (Bankr.D.Mass.2011) (treating the motion to dismiss as one for summary judgment, because it "was filed after Andersen filed his [a]nswer and ... because it [was] necessary to review the record of proceedings...").

Rejecting Cadle's argument that there was no procedural alternative to the reopening of the case, the court noted in the Memorandum that Cadle could have: a) filed a timely complaint, along with a request that the court preserve the status quo pending the disposition of its appeal; or b) requested an expedited determination of the first appeal, in view of § 727(e)'s impending deadlines. According to the bankruptcy court, Cadle's equitable tolling claim lacked merit because of its own "want of diligence," (*Cadle*, 2011 WL 5835099, at *11) (internal quotations and citations omitted), and the Panel's decision in favor of Cadle in the first appeal amounted to a "pyrrhic victory" (*id.* at *13). The court further observed that § 727(e) is jurisdictional, that it is a statute of repose, not a statute of limitations, and that it is not subject to equitable tolling. Relying heavily on *Gonsalves v. Belice (In re Belice)*, No. MB 10–030, 2011 WL 4572003 (1st Cir. BAP Mar. 7, 2011), and *Dahar v. Bevis (In re Bevis)*, 242 B.R. 805 (Bankr.D.N.H.1999), the court ruled that "[a] party initiating an adversary proceeding under [ ] § 727(d), must satisfy the applicable deadlines imposed by [ ] § 727(e)." *Cadle*, 2011 WL 5835099, at *8.

*School Dist.*, 592 F.3d 267, 269 (1st Cir. 2010). "A bankruptcy court's determination that a proceeding should be dismissed is a legal conclusion subject to *de novo* review." *In re Conley*, 369 B.R. at 70 (citing *Banco Santander de Puerto Rico v. Lopez–Stubbe (In re Colonial Mortgage Bankers Corp.)*, 324 F.3d 12, 15 (1st Cir. 2003)). Similarly, we review orders granting summary judgment *de novo*. *Backlund v. Stanley–Snow (In re Stanley–Snow)*, 405 B.R. 11, 17 (1st Cir. BAP 2009).

## DISCUSSION

### I. The Applicable Standards

#### A. Section 727: Revocation of Discharge

■ Cadle seeks the revocation of Andersen's discharge pursuant to §§ 727(d)(1) and 727(d)(3), which provide:

> (d) On request[4] of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—
>
> > (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge; . . .
> >
> > (3) the debtor committed an act specified in subsection (a)(6) of this section. . . .

11 U.S.C. § 727(d)(1) and (d)(3). Section 727(a)(6), in turn, provides, in relevant part:

> (a) The court shall grant the debtor a discharge, unless—. . .
>
> > (6) the debtor has refused, in the case—. . .

(C) on a ground other than the properly invoked privilege against self-incrimination, to respond to a material question approved by the court or to testify. . . .

11 U.S.C. § 727(a)(6)(C).

■ Discharge revocation is an extraordinary remedy, which "should be construed liberally in favor of the debtor and strictly against those objecting to discharge." *Yules v. Gillis (In re Gillis)*, 403 B.R. 137, 144 (1st Cir. BAP 2009). The party seeking revocation bears the burden of proof. *Id.*

#### B. Timing of Revocation Complaints

Section 727(e) establishes a limitation on the time within which discharge revocation may be sought:

> (e) The trustee, a creditor, or the United States trustee may request a revocation of a discharge—
>
> > (1) under subsection (d)(1) of this section within one year after such discharge is granted; or
> >
> > (2) under subsection (d)(2) or (d)(3) of this section before the later of—
> >
> > > (A) one year after the granting of such discharge; and
> > >
> > > (B) the date the case is closed.

11 U.S.C. § 727(e).

■ The statute is the final word. "Bankruptcy Rule 9024, which makes [Fed.R.Civ.P.] 60 (Relief from Judgment or Order) applicable to bankruptcy proceedings, specifically prohibits application of the civil rule to revocation of discharge claims under [§ ] 727(e)." *Towers v. Boyd*

---

**4.** A "request" for discharge revocation is made by commencing an adversary proceed-

ing. *See* Fed. R. Bankr.P. 7001(4).

*(In re Boyd)*, 243 B.R. 756, 763 (N.D.Cal. 2000).[5]

██ Cadle does not dispute that it filed its complaint after the expiration of the deadline prescribed in either § 727(e)(1) or (e)(2).[6] Cadle effectively concedes that equitable tolling cannot overcome § 727(e)'s time limitations. Rather, it argues that, for this case, other equitable concepts permit us to alter the way in which the statute's time limitations are calculated. First, it proposes that we subtract the time "the case remained improperly closed" (March 10, 2010 through March 7, 2011) from the time that lapsed between the discharge's entry and the filing of the revocation complaint.[7] Were we to do so, the complaint would be timely (*i.e.* filed within "one year" of discharge). Alternatively, Cadle suggests a "relation back" theory that would deem the complaint filed on the date when its motion to reopen was filed.

██ "Nonjurisdictional federal statutory" deadlines generally can be tolled. *Holland v. Florida*, —— U.S. ——, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010) (citing *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 95–96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990)). However, courts have "no authority to create equitable exceptions to jurisdictional requirements." *Bowles v. Russell*, 551 U.S. 205, 214, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007). The Supreme Court has distinguished jurisdictional time bars established in the Bankruptcy Code from bars set forth in the Bankruptcy Rules. *See Kontrick v. Ryan*, 540 U.S. 443, 453–54, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004). The Bankruptcy Rules, which are court-created, "do not create or withdraw federal jurisdiction." *Id.* at 453, 124 S.Ct. 906 (internal quotations and citations omitted). "Only Congress may determine a lower federal court's subject-matter jurisdiction." *Id.* at 452, 124 S.Ct. 906 (citation omitted); *see also* Fed. R. Bankr.P. 9030 (Bankruptcy Rules "shall not be construed to extend or limit the jurisdiction of the courts").

██ Consistent with *Kontrick's* teaching, we have held that § 727(e)(1) is jurisdictional, and as such, its deadline is "firm and not subject to equitable tolling." *In re Belice*, 2011 WL 4572003, at *4 (citations omitted); *see also In re Fellheimer*, 443 B.R. 355, 371 (Bankr.E.D.Pa.2010); *Murrietta v. Fehrs (In re Fehrs)*, 391 B.R. 53, 66–67 (Bankr.D.Idaho 2008). Section 727(e)(1)'s time requirement is not "a mere statute of limitations, but an essential prerequisite to the [discharge revocation] proceeding." *In re Belice*, 2011 WL 4572003, at *3; *see also In re Donald*, 240 B.R. at 146.[8]

---

5. The "1983 Advisory Committee note to Rule 9024 states that this makes clear that Rule 60(b) affords no basis for circumvention of the time limitations prescribed by [§ ] 727 for the commencement of any proceeding to revoke a discharge." *Pelletier v. Donald (In re Donald)*, 240 B.R. 141, 147 (1st Cir. BAP 1999) (internal quotations and citation omitted).

6. Andersen's discharge was granted on September 15, 2009, and his case was closed on September 30, 2009. Because the closing date is later, the last date on which Cadle could have filed a timely revocation complaint was September 30, 2010. However,

Cadle did not file the complaint until March 18, 2011, well past the deadline specified in either § 727(e)(1) or § 727(e)(2).

7. Cadle characterizes the import of its argument as follows: "this approach demands that the [Panel] *preserve the status quo* during the pendency of the successful appeal." (emphasis supplied.)

8. The jurisdictional character of § 727(e)(2) "is in contrast to the deadline to object to discharge set forth in Bankruptcy Rule 4004(a)." *In re Belice*, 2011 WL 4572003, at *4 n. 11. (rule's "deadline is not 'jurisdiction-

■ Section 727(e)(2), too, is jurisdictional. *See Hadlock v. Dolliver (In re Dolliver)*, 255 B.R. 251, 257 (Bankr.D.Me.2000); *In re Bevis*, 242 B.R. at 812; *see also Kartzman v. Abdelmassia (In re Abdelmassia)*, 362 B.R. 207, 214 (Bankr.D.N.J.2007); *Car Care Ctr. of Crystal Lake, Ltd. v. Miller (In re Miller)*, 336 B.R. 408, 413 (Bankr.E.D.Wis.2005); *Apex Wholesale Inc. v. Blanchard (In re Blanchard)*, 241 B.R. 461, 465 (Bankr.S.D.Cal.1999). "[T]he limitation period set forth in § 727(e)(2) sets an outside limit after which, regardless of whether the cause of action has accrued, the cause of action is extinguished." *In re Abdelmassia*, 362 B.R. at 214 (citation omitted).[9]

"The fact that the [§ 727(e)] limitation period is contained within the text of the statute is indicative that Congress must have intended that a creditor's right to file a complaint seeking the revocation of discharge would terminate on a certain date." *In re Blanchard*, 241 B.R. at 464 (citation omitted). Not only does § 727(e) "announce[] an absolute one year limit for discharge revocation actions," it omits a provision for extension. *In re Fehrs*, 391 B.R. at 67 (citing *In re Miller*, 336 B.R. at 411–14).[10] No more need be said.

Cadle's theories for calculating § 727(e)'s deadlines to render its complaint timely amount to equitable tolling in masquerade. Thus, we reject them. Notwithstanding the case's closing, Cadle had the ability to assert its rights, and the court retained jurisdiction to address them.[11] What Cadle seeks from us is, in

al' and could be forfeited" if not timely raised) (citing *Kontrick*, 540 U.S. at 443, 124 S.Ct. 906). The "similarly-worded deadline" established in Rule 4007(c), regarding the determination of dischargeability of a debt, is also non-jurisdictional. *In re Fellheimer*, 443 B.R. at 372 (citing *Nardei v. Maughan (In re Maughan)*, 340 F.3d 337 (6th Cir.2003); *European Am. Bank v. Benedict (In re Benedict)*, 90 F.3d 50, 54 (2d Cir.1996)).

9. A few courts have applied equitable tolling to § 727(e)(2)'s limitation, but "these cases represent a minority position." *In re Miller*, 336 B.R. at 413 (citing *Dwyer v. Peebles (In re Peebles)*, 224 B.R. 519 (Bankr.D.Mass.1998), and *Caughey v. Succa (In re Succa)*, 125 B.R. 168 (Bankr.W.D.Tex.1991)).

10. The explicit language of § 727(e)(1),
when read in conjunction with § 727(d)(1), appears already to account for the circumstances that equitable tolling is designed to remedy. Section 727(d)(1), by its express terms, is not applicable unless the party requesting the revocation of a debtor's discharge did not know of the operative fraud until after the granting of a discharge. Thus, the application of § 727(d)(1) always involves a party who has not discovered fraud until some period after the debtor receives his or her discharge. Yet § 727(e)(1) clearly imposes a one-year time limit beginning from the date of the debtor's discharge, notwithstanding the fact that the party requesting revocation has not discovered the relevant fraud until some time after discharge. Accordingly, when § 727(e)(1) is placed against the backdrop of § 727(d)(1), it appears that Congress did not intend for equitable tolling to apply to § 727(e)(1).
*In re Bevis*, 242 B.R. at 809 (citations omitted); *accord In re Fellheimer*, 443 B.R. at 371–72; *In re Abdelmassia*, 362 B.R. at 213; *In re Dolliver*, 255 B.R. at 255–56.

11. *See Menk v. LaPaglia (In re Menk)*, 241 B.R. 896, 912 (9th Cir. BAP 1999) (holding that "closed bankruptcy case does not need to be reopened as a *jurisdictional* prerequisite to exercising § 1334(b) 'arising under' subject-matter jurisdiction" in nondischargeability action) (emphasis in original); *Singleton v. Wells Fargo Bank, N.A. (In re Singleton)*, 269 B.R. 270, 276–77 (Bankr.D.R.I.2001) ("closing of a bankruptcy case does not affect the court's jurisdiction to determine matters relevant to the case") (citations and internal quotations omitted), *vacated and remanded on other grounds*, 284 B.R. 322 (D.R.I.2002); *In re Ransom*, No. 99–41389, 2000 WL 33712560, at *3 (Bankr.D.Idaho Mar. 30, 2000) (reopening not jurisdictionally mandated for consideration of revocation complaint). The bankruptcy court recognized the alternatives available to Cadle, *see* n.3, *supra*.

essence, a *post hac* stay of the bankruptcy court's decision to not reopen Andersen's case. We cannot toll § 727(e)'s effect; and we cannot stay time's passage.

Cadle decries strict application of the statute's limitation, suggesting that, in so doing, we will provide a scoundrel a fresh start. We demur. Congress recognized "strong policy reasons in favor of providing finality to a debtor who receives a discharge and who should be able to rely upon such discharge without concern that it is indefinitely open to challenge." *In re Miller*, 336 B.R. at 413. While "[d]eadlines may lead to unwelcome results, . . . they prompt parties to act and they produce finality." *Taylor v. Freeland & Kronz*, 503 U.S. 638, 644, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992).[12] "[A]lthough bankruptcy may sometimes be a long and winding road, it is not meant to be an endless one." *Dolliver*, 255 B.R. at 257.[13]

### CONCLUSION

The bankruptcy court correctly dismissed Cadle's complaint for revocation of the Debtor's discharge as time-barred. Accordingly, we **AFFIRM**.

---

Cadle's reliance on *Int'l State Bank v. Fresquez (In re Fresquez)*, 167 B.R. 973 (Bankr. D.N.M.1994), in support of its "relation back" argument is unavailing. The creditor in *Fresquez* filed a timely, although procedurally improper, revocation request.

12. Cadle had sufficient knowledge to seek a second extension of the time to file a discharge objection complaint and, having missed that opportunity, retained the ability to file a timely discharge revocation complaint. It did neither.

13. Having concluded that the bankruptcy court correctly decided that the complaint was time-barred, we need not address issues raised under § 727(d)(3) and § 727(a)(6)(C).